HENRY A. BRUNS *vs.* SALLIE SCHREIBER and another, Administrators.

June 13, 1890.

Covenant against Incumbrances — Evidence of Oral Agreement.—
   In an action to recover for breach of covenant against incumbrances in a deed conveying lands for one entire pecuniary consideration expressed in the deed, and actually paid, evidence is not admissible, in defence, of a prior parol agreement to the effect that as to a part of the granted land, upon which an incumbrance rested, that consideration was not applicable, but that the conveyance was gratuitous.

Action brought in the district court for Clay county, to recover $11,000 damages for breach of a covenant against incumbrances. Trial before *Mills*, J., and verdict for defendants. Appeal by plaintiff from an order refusing a new trial.

*R. R. Briggs*, for appellant.

*Burnham & Tillotson*, for respondents.

DICKINSON, J. This is an appeal by the plaintiff from an order denying a new trial after verdict in favor of the defendants. The action was prosecuted against Franklin J. Schreiber (who has died, and in whose place his administrators have been substituted as defendants) and his wife, Sallie, to recover damages for a breach of the covenants in a deed of conveyance executed by Schreiber and wife to the plaintiff, in 1881, conveying a large tract of land. The consid-

eration expressed in the deed was the payment by the grantee of the sum of $45,000. The deed contained the usual covenants, on the part of the grantors, of seisin, warranty of title, and quiet enjoyment, and of freedom from incumbrances; the terms of the latter covenant being qualified only by an express exception as to certain mortgages, which the grantee was to assume. The alleged breach upon which recovery is sought is that the granted land was burdened with an easement in favor of the Northern Pacific Railroad Company, which corporation had a right of way over the land, and had constructed and was operating its railroad there. Upon the case presented at the trial the court ruled, and instructed the jury, that the land was subject to that servitude, and that this constituted an incumbrance. The contention on this appeal arises from the fact that parol evidence was received bearing upon the effect to be ascribed to the covenants in the deed as respects that incumbrance. It was in substance alleged, in defence of this action, that, prior to the execution and delivery of this deed, it was agreed orally between the parties thereto that the plaintiff—the grantee in the deed to be executed—should himself convey to the Northern Pacific Railroad Company, without consideration, the right of way now said to belong to that company, in compliance with a parol agreement which Schreiber had previously made with the corporation, and that this land was included in the deed to the plaintiff in order that he might make such conveyance; that there was really no other consideration for the conveyance of that land to the plaintiff by the deed in question, no part of the expressed consideration of $45,000 being applicable to that part of the granted premises. The court received parol evidence of this agreement alleged to have been made previous to the execution of the deed. The admissibility of such evidence is the real point of controversy on this appeal. The jury returned a verdict for the defendants.

The respondents, recognizing the general rule which forbids the contradiction or variation of the written agreements of parties by proof of their prior or contemporaneous negotiations or agreements resting only in parol, claim that this case is within a recognized qualification of that rule. They seek to avail themselves of the general proposition that the statement of the *consideration* in a deed of

conveyance is not conclusive upon the parties, and hence insist that they might show that this parol agreement of the plaintiff formed a consideration for the deed in addition to the consideration expressed therein; and that, this being shown, the grantee ought not to recover damages for the incumbrance which he, acting perhaps upon the assumption that it did not then exist, thus agreed to create by a conveyance of the easement to the railroad company. The reception of this evidence cannot be sustained on this theory. No mistake or fraud is alleged. The deed was complete, operative, and of legal effect, and is to be taken to have been just as the parties intended it to be. It is not claimed that it was invalid, or that it was not immediately operative when it was delivered, nor that the consideration named in it was not paid. There is no uncertainty or room for contention as to the legal effect of the deed, and of the covenants embraced therein, standing alone, and unmodified by extraneous proof of some other agreement. It embraced a grant of the land over which the railroad easement existed, with other lands, the expressed consideration for all of which was the entire sum of $45,000, which was in fact paid. The covenants were in terms applicable to all the granted lands; and, if any part of the same was burdened with the servitude of a railroad right of way, that would constitute a breach of one or more of the covenants,—certainly that against incumbrances. The defendants thus became liable to respond in damages for breach 'of covenant. Such was the legal effect of the instrument by which the parties carried into effect their prior negotiations, and expressed their final agreement and obligations respecting the land thus conveyed. The evidence received and acted upon in this case cannot but be regarded as varying the definite, certain, legal effect of the deed. It went to show that the covenants were applicable only to *a part* of the lands conveyed; the remainder being, by force merely of the prior oral agreement, in effect excluded from the operation of the express covenants. If it were sought to do this by direct proof of a parol agreement that the covenants in the deed should not be deemed applicable to a specified part of the granted lands, no argument consistent with the existence of the general rule relating to the subject could be advanced in support of such an attempt. Nor could it make

any difference that such oral agreement, made prior to or contemporaneous with the execution of the deed, and not relating to some collateral matter, may have been a consideration for the execution of the deed. To admit such evidence upon that ground would be to disregard the reason upon which the rule is founded, and would leave room for but a very limited application of the rule giving the character of conclusiveness to written instruments deliberately adopted by the parties as embodying their final agreements; for it might generally be said in support of the right to present such evidence that the written agreement was made in consideration of the prior or contemporaneous oral agreements sought to be introduced.

But it is urged that the evidence was admissible as bearing upon the measure of damages, the recovery for breach of covenant being restricted in amount to the real consideration for which the deed was given. It is probably true that for this purpose it might have been shown that the consideration named in the deed had not been paid, or that the real consideration was less than that stated. But, it being conceded that the stated consideration was paid, a separate agreement cannot be shown, having the effect to restrict the legal operation of the covenants, even though such agreement might be shown to have constituted a consideration or inducement for the giving of the deed. As was said in a late case in Massachusetts: "While, for some purposes, it is competent to show what the real consideration of a deed is, a party cannot, under the guise of showing what the consideration is, prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant." *Simanovich* v. *Wood*, 145 Mass. 180, (13 N. E. Rep. 391.) This case was closely analogous to that before us. To the same effect: *Flynn* v. *Bourneuf*, 143 Mass. 277, (9 N. E. Rep. 650;) *Howe* v. *Walker*, 4 Gray, 318; *Spurr* v. *Andrew*, 6 Allen, 420; *Johnson* v. *Walter*, 60 Iowa, 315, (14 N. W. Rep. 325;) *MacLeod* v. *Skiles*, 81 Mo. 595; *Wadhams* v. *Swan*, 109 Ill. 46, 60; Rawle, Cov. (5th Ed.) § 88. The evidence here in question was inadmissible because it did vary and restrict the legal effect of the deed, not as to the price paid as stated in the deed, for there is no dispute as to that, but in the scope and applicability of

the covenants, and the liability of the covenantor for their breach. It went to show that while the deed conveyed the land as an entirety, for which deed the stated consideration was paid, and in respect to all which conveyed premises the covenants were in terms made, yet in fact, as to a part of the land, designated only by this parol evidence, it was conveyed gratuitously, none of the price paid being applicable to that, and hence that the covenantor was not legally liable to respond in substantial damages for any defect of title, or for any incumbrance in respect thereto. We cannot understand how evidence of a parol agreement thus affecting the deed, and the legal obligations of the grantor imported by the deed, can be received without disregarding the plain reasons upon which the rule rests, and which are applicable in their full force to such a case. We are aware that there are decisions which support the admissibility of such evidence. *Leland* v. *Stone,* 10 Mass. 459, which has been followed elsewhere, may serve as an illustration. That decision seems, however, to have been disapproved in *Spurr* v. *Andrew, supra,* and is certainly opposed to the later decisions of the same court, some of which we have cited.

The conclusion which we have expressed is not opposed to the decision in *Jordan* v. *White,* 20 Minn. 77, (91,) in which case the evidence of the parol agreement related to other lands than those conveyed by deed to the defendant. It did not vary or change the legal effect of, and was not inconsistent with, the deed of the 120 acres executed to the defendant subsequent to the negotiations in the course of which the oral agreement was made. That deed was not presumed to embody or to have merged agreements which may have been previously made relating to other lands, not the subject of that conveyance nor referred to therein.

Order reversed.