W. S. SAYRE *vs.* F. A. BURDICK.

November 19, 1891.

Written Contract of Sale—Parol Evidence of Consideration other than that Expressed.—Parol proof of a consideration for a written contract, other than that expressed in it, is not admissible to vary its terms. So where a bill of sale recited as the consideration a sum in hand paid, and also contained a covenant on the part of the vendee to pay the partnership debts of himself and the vendor, it is not admissible to prove, for the purpose of enforcing such parol promise, that the vendee also, in consideration of the sale to him, promised by parol to pay individual debts of the vendor.

Same—Action on Promise Made to Another.—One who seeks to enforce a promise made to another for his benefit is bound, the same as the promisee would be, by the rule excluding parol proof to vary a written contract.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial after a trial by the court and judgment for $200 and interest ordered for plaintiff.

*Loran C. Stevenson,* for appellant.

*Freeman P. Lane* and *W. H. Briggs,* for respondent.

GILFILLAN, C. J. One O'Donnell executed four promissory notes payable to plaintiff. O'Donnell and defendant were partners, and the former sold to the latter his interest in the partnership business and property. The complaint alleges that in consideration of this sale, and as a part of the purchase price, the defendant agreed to pay the promissory notes to plaintiff. On this alleged promise the cause of action is based. It appeared on the trial that the transfer by O'Donnell to defendant was by bill of sale in writing. This recites that the sale is made in consideration of $425 in hand paid, and the defendant (the vendee) thereby assumes and agrees to pay all liabilities of the firm. The question in the case is, was it competent to prove by oral testimony that as an additional consideration the defendant promised to pay the notes held by plaintiff?

As a general rule, the expression of a consideration in a written contract does not exclude proof by parol of another or different consideration. 1 Greenl. Ev. 285; Rawle, Cov. 65. But such evidence is not admissible for the purpose of defeating, or varying, the terms of the written contract. *Bruns* v. *Schreiber,* 43 Minn. 468, (45 N. W. Rep. 861,) and cases cited. In the case before us the written contract between O'Donnell and defendant purports to express, not only the money consideration, but the executory undertakings of the defendant, which must be held as also a consideration for the transfer by O'Donnell; and, as it assumes to set forth such undertakings, it must be presumed to set forth all that were finally agreed upon. It is upon such presumption that proof of prior and contemporaneous oral negotiations between the parties is excluded. To admit proof that, in addition to the covenant contained in the written contract, there was another covenant not expressed in it, would certainly vary the contract as much as would proof contradicting the covenant contained in it. To do either would violate the rule that parol proof of another or different consideration cannot be made for the purpose of defeating or varying the terms of the written contract.

The case does not come within the decisions which hold that strangers to a written contract, coming collaterally in question, are

not bound by the rule that parol evidence is inadmissible to vary its terms. Strangers are not bound by the contract, nor by the mode the parties have adopted for expressing it. The plaintiff is not a stranger within those decisions. He is seeking to enforce what he alleges was the contract between O'Donnell and defendant. He comes in under O'Donnell. It would be strange if he could prove and enforce promises made to O'Donnell, which O'Donnell himself could not prove and enforce. The position of one for whose benefit a promise is made cannot be better than that of the one who procures it to be made and to whom it is made.

Nor is it a case where a written contract is made in part-performance only of a prior parol agreement embracing other subjects than that of the written contract. Here was but one subject-matter, to wit, the sale of the personal property and the considerations upon which it was to be made, which are embraced within the written contract.

Order reversed.