E. WALTHER and Another v. WARREN S. BRIGGS.[1]

June 23, 1897.

Nos. 10,634—(142).

**Covenants—Qualification by Prior Recitals.**

Where, in a deed or mortgage, it is recited that the real property therein described is sold or mortgaged subject to a certain specified and existing incumbrance, such recital qualifies subsequent covenants of seisin, quiet enjoyment, and of general warranty, and they do not cover or embrace the incumbrance mentioned.

**Release and Discharge—Consideration.**

Where the maker of a promissory note secured by a second mortgage on real property enters into an agreement with the payees of the note, owners and holders thereof, that he will·pay the interest then due upon the debt secured by the first mortgage upon the property,—he being under no personal obligation to pay such interest, either as original debtor, or because he has assumed it, or by reason of any covenants in the second mortgage,—in consideration of which such payees agree to release and discharge him from all personal liability on the note, and to look solely to their security for payment, and the maker performs on his part by paying the interest as agreed on, there is a sufficient consideration to support the agreement to release and discharge him.

**Same—Question for Jury.**

*Held*, that it was for the jury to determine, from the evidence introduced

1 Reported in 71 N. W. 909.

on the trial of this case, whether an agreement of the nature above referred to had been entered into between the payees of the note sued upon and the defendant, by which the former had released and discharged the latter from all personal liability as the maker of such note.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., denying his motion for a new trial. Reversed.

*A. G. Briggs*, for appellant.

*James E. Trask*, for respondents.

COLLINS, J.

The issue of fact at the trial of this action was as to the terms and conditions of the agreement made between the payees of the note, owners and holders thereof, and defendant, a few months after the note matured; the latter contending that in consideration of his agreement to pay, and subsequent payment of, the interest then due upon the note for $3,000, secured by first mortgage upon the thirteen lots, to the owner and holder of said note and mortgage, who was threatening immediate foreclosure, said payees agreed to release and discharge him from all personal liability upon the note in suit, to rely for the payment of said note solely upon the second mortgage on these thirteen lots, and also agreed to satisfy their mortgage lien on the other lots, two in number. In the most positive manner the payees denied that they agreed to release or discharge defendant from his personal liability upon their note. It was undisputed, however, that, within a few weeks after an agreement of some kind had been entered into between these parties, defendant paid the interest in question, took his receipt therefor to one of these payees, and received from him a partial release, by which the two lots were discharged from the mortgage lien.

Without expressing any opinion as to the weight of the evidence presented on this issue, we are compelled to hold that defendant made a case for the jury; the only question being as to the sufficiency of the consideration, as testified to by him, for an agreement to release and discharge him from all personal liability upon the note. The court below held that the only consideration claimed was insufficient to uphold such an agreement. We cannot concur in this view.

The note upon which defendant was to, and did, pay the interest, was not his personal obligation. It was, with the first mortgage securing it, executed and delivered prior to defendant's purchase of the mortgaged property. According to the testimony, he did not assume its payment when he purchased the property and received a deed of conveyance. He therefore stipulated with the payees of his note to pay interest to a stranger to the transaction upon the debt of a third party. Further than this, it appeared from the mortgage deed given to secure the payment of the note sued upon that the security was given and the lots mortgaged and conveyed subject, in express terms, to the first mortgage upon the thirteen lots, and also subject to another first mortgage upon the two lots. It also appeared that both of these mortgages were excepted in the covenant against incumbrances.

The rule laid down in Sandwich v. Zellmer, 48 Minn. 408, 51 N. W. 379, does not apply. The defendant might be liable on his covenants of seisin, of quiet enjoyment, and of general warranty, were it not for the recital in the mortgage deed that the lots were mortgaged and conveyed subject to the first mortgages. Each of these covenants was qualified by this recital. They did not embrace or cover the first mortgages, which in a previous part of the second mortgage had been recited as subsisting incumbrances, and subject to which defendant mortgaged and conveyed. Jackson v. Hoffman, 9 Cow. 271.

Again, even if this were not the rule, and defendant could be held liable in case of a breach of either of his covenants, he was under no obligation to pay this interest when he did. Immediate payment was not necessary to satisfy the covenants. The payment was of direct and immediate benefit to the payees of the note, for it improved their security, and this is especially true if the agreement under which the payment was made was as claimed by defendant. It was also directly and immediately detrimental to him, because he was not under a personal obligation to make the payment, and, as we have seen, not liable under his covenants.

With either of these elements present, the consideration was ample. If, then, the evidence tended to show that the agreement was as contended by defendant, and in consideration of his payment

of the interest in question the payees of his own note agreed to release and discharge him from personal liability, and to look solely to their mortgage security for payment of their debt,—in effect, a contract on his part to surrender possession and to waive the right of redemption,—a verdict in defendant's favor would be justified. The payees of the note could enter into such an agreement, if they so chose, and a payment of the interest would be of no benefit to defendant's estate, but of benefit and value to that held by the payees under their mortgage.

Counsel have raised no other questions on this appeal, and our conclusion is that a new trial must be had.

Order reversed.