M. J. ROONEY v. JOHN KOENIG and Another.[1]

July 19, 1900.

Nos. 12,101—(210).

**Warranty Deed—Title Subsequently Acquired.**

Where land is conveyed by a deed of general warranty, any superior outstanding title subsequently acquired by the grantor will inure to the benefit of the grantee and his assigns.

**Same—Covenant against Incumbrances—Mortgage.**

Where the only reference in a warranty deed to a mortgage on the land is to except it from the covenant against incumbrances, the exception does not extend to or affect the covenant of warranty, and any title thereafter acquired by the grantor by the foreclosure of the mortgage will inure to the benefit of the grantee and his assigns. Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408, followed.

**Same—Agreement to Pay Mortgage.**

In such a case, parol evidence of an agreement by the grantee to assume and pay the mortgage as a part of the purchase price is not competent to modify the covenant of warranty or restrict its legal operation.

[1] Reported in 83 N. W. 399.

Action of ejectment in the district court for Mower county. From a judgment in favor of defendants, entered pursuant to the findings of Quinn, J., plaintiff appealed. Affirmed.

*Shepherd & Catherwood*, for appellant.

*Lafayette French* and *A. W. Wright*, for respondents.

START, C. J.

This is an action of ejectment to recover possession of forty acres of land in the county of Mower, described as the northwest ¼ of the northeast ¼ of section 21, township 101, range 16. The complaint alleged generally that the plaintiff was the owner in fee of the land, and entitled to the possession thereof, which was unlawfully withheld by the defendants. The answer admitted that the defendants were in possession, denied plaintiff's title, and alleged that they were the owners in fee and entitled to the possession of the land. The trial court found, in general terms, that the plaintiff was not, but that the defendants were, the owners in fee of the premises and entitled to the possession thereof, and ordered judgment accordingly. It was so entered, and the plaintiff appealed from the judgment.

It is essential to a correct understanding of the plaintiff's assignments of error to state somewhat in detail the special facts of this case. On January 26, 1871, Matthew Rooney was the owner of the northeast ¼ of section 21, and on that day he executed a mortgage, which was duly recorded, on the north ½ thereof, to Moses Gould, to secure the payment of $300. This mortgage was foreclosed, and the premises sold, on November 15, 1873, to Ormanzo Allen, for $451.55, the amount of the mortgage debt, interest, and costs, and the usual sheriff's certificate of sale was executed to him, which was duly recorded on December 4, 1873. Thereafter, and on December 31, 1873, Matthew Rooney duly conveyed, by warranty deed, to Patrick F. Rooney and Frank J. Rooney, his sons, the west ½ of his northeast ¼, which was duly recorded on January 9 following. The consideration named in this deed was $1,000, and its covenants were as follows:

"And the said Matthew Rooney, party of the first part, his heirs, executors, and administrators, do covenant, grant, bargain, and

agree to and with the said parties of the second part, their heirs and assigns, that at the time of the ensealing and delivery of these presents he is well seised of the premises above conveyed, as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in law in fee simple, and has good right, full power, and lawful authority to grant, bargain, sell, and convey the same in manner and form aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments, and incumbrances of what kind or nature soever, except a mortgage of $300 and interest; and the above-bargained premises in the quiet and peaceable possession of said parties of the second part, their heirs and assigns, against all and any person or persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part shall and will warrant and forever defend."

Matthew Rooney, on the same day that he made the deed to his sons, also conveyed, by warranty deed, to his daughter May Ann Rooney, the northeast $\frac{1}{4}$ of his northeast $\frac{1}{4}$. The deed contained the same covenants, and exception in the covenant against incumbrances, as the deed to his sons. On November 14, 1874, the holder of the sheriff's certificate of sale assigned it to Matthew Rooney upon being paid the sum necessary to redeem the land from the mortgage sale. The assignment was duly recorded November 2, 1875. Patrick F. Rooney conveyed all of his interest in the northwest $\frac{1}{4}$ of the northeast $\frac{1}{4}$—the forty acres in question—to Frank J. Rooney, and the deed was duly recorded on the 13th day of March next thereafter. A judgment against Frank J. Rooney for $179.60 was duly docketed in the county of Mower on January 8, 1879, and all of his interest in the forty acres so deeded to him was duly sold November 27, 1880, on execution issued on the judgment, to Daniel R. Noyes, for the sum of $235.20, paid therefor by him, and the usual sheriff's certificate of sale was executed to him and duly recorded on December 8, 1880. No redemption was made from this sale, and on March 18, 1890, Noyes conveyed the land to Peter Meurer by warranty deed for $250, who on November 27, 1894, conveyed it by warranty deed to the defendants for $600, paid by them. These deeds were duly recorded on May 22, 1890, and December 6, 1894, respectively. On August 30, 1895, Matthew Rooney made a warranty deed of the land to the plaintiff, which was duly recorded.

The taxes on the forty acres, ever since 1879, have been paid by Noyes or those claiming under him.

It is claimed on the part of the plaintiff that Matthew Rooney was in possession of the forty acres in question up to the time Meurer purchased them in 1890, but there is no claim that he was ever in possession after that time. On the contrary, the evidence justifies the conclusion that Meurer, upon his purchase of it, went into the actual possession of the land, and so continued until the defendants purchased it and went into possession. The plaintiff, on the trial, offered evidence tending to prove an oral agreement to the effect that, when Matthew Rooney deeded the land to his two sons, they assumed and agreed to pay the Gould mortgage as a part of the consideration for the deed. The evidence was objected to as incompetent, as tending to contradict and vary the covenants in the deed. The trial court sustained the objection.

The assignments of error raise the general questions: First. Did the court err in its finding and conclusion that the defendants were the owners in fee and entitled to the possession of the premises? Second. Was it error for the court to exclude the offered evidence?

1. If the exception to the covenant against incumbrances in Matthew Rooney's deed to Frank J. Rooney and his brother be eliminated, it cannot be doubted that the undisputed facts justify the trial court's conclusion that the defendants, and not the plaintiff, are the owners of the land. The case would then fall within the rule that, where land is conveyed by a deed of general warranty, any superior outstanding title subsequently acquired by the grantor will inure to the benefit of the grantee and his assigns. But the plaintiff claims that the rule has no application to this case, because of the exception of the mortgage from the operation of the covenants in the deed against incumbrances.

If land is conveyed by warranty deed subject to the mortgage, or the grantee in the deed assumes and agrees to pay the mortgage as a part of the purchase price, the case is not within the rule as to title by covenant, which we have stated, and the grantor in such a case may purchase and enforce the mortgage against the land. Merritt v. Byers, 46 Minn. 74, 48 N. W. 417; Walther v. Briggs, 69 Minn. 98, 71 N. W. 909. But where, as in this case, the only reference in

the deed to the mortgage is to except it from the covenant against incumbrances, the exception does not extend to or modify the covenant of warranty, and any title thereafter acquired by the grantor by the foreclosure of the mortgage would inure to the benefit of the grantee.

The case of Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408, 50 N. W. 379, is directly in point, and decides this precise question against the contention of the plaintiff. In that case the owner of land, upon which there was a mortgage made by himself and wife, gave a second mortgage, in which his wife joined in the covenants, to the plaintiff. This second mortgage contained the usual covenants. The one against incumbrances was to the effect that the land was free from all incumbrances except a mortgage for seven hundred dollars. This was followed by a general covenant of warranty. The first mortgagee foreclosed his mortgage, purchasing the land at the foreclosure sale. There was no redemption, and the assignee of the purchaser at such sale conveyed the land to the wife of the mortgagor, who subsequently conveyed it to a third party. The plaintiff brought an action to foreclose his second mortgage against the mortgagors and the third party. The latter claimed title under the first mortgage and its foreclosure; but this court held that the wife was bound by her covenants in the second mortgage, that the exception in the covenant against incumbrances did not modify or restrict the operation of the covenant of warranty, and that the conveyance to her inured to the benefit of the plaintiff by virtue of her covenant, and that his mortgage was a lien upon the land as against her grantee.

It follows that the trial court correctly held that the defendants were the owners of the land in question, unless it erred in excluding the offered evidence.

2. The plaintiff further contends that the court erred in rejecting his offer to prove the oral agreement as to the assumption of the payment of the mortgage, because the true consideration of a deed may always be shown by parol.

True it is that the actual consideration of a deed may be shown by parol; but there was no issue in this case as to the consideration

for the conveyance of the land by Matthew Rooney to his sons. The evidence was offered for the sole purpose of adding, in legal effect, to the covenant of warranty in that deed, an exception as to the mortgage, and thereby defeating the title of the defendants, who purchased the land in good faith for value. The evidence was not competent for this purpose, for a party cannot, under guise of showing what the actual consideration of a deed was, prove an oral agreement which will have the effect to restrict the legal operation of the covenants. Bruns v. Schreiber, 43 Minn. 468, 45 N. W. 861; Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245; Security Bank v. Holmes, 68 Minn. 538, 71 N. W. 699; Desmond v. McNamara, 107 Wis. 126, 82 N. W. 701; Simanovich v. Wood, 145 Mass. 180, 13 N. E. 391. The evidence offered, in its last analysis, was simply an offer to prove by parol that the mortgage was excepted from the covenants of warranty. This would clearly be a violation of the rule that a deed cannot be varied by parol. The ruling of the trial court in excluding the evidence was correct.

Judgment affirmed.