WINIFRED M. TAPPAN v. WILLIAM W. HUNTINGTON.[1]

January 5, 1906.

Nos. 14,511—(144).

**Covenant against Incumbrances—Estoppel.**

A covenant of warranty in a deed of conveyance, and a covenant against incumbrances, excepting mortgages to a certain amount, estops the grantor from afterwards acquiring and enforcing the mortgage lien against the premises conveyed.   But a conveyance of the premises by a subsequent grantee, subject to mortgages on the same which are duly recorded, operates as an estoppel against the former estoppel, and sets the matter at large, and the mortgage becomes enforceable in the hands of the original grantor or his assignee, and, the mortgage having provided for foreclosure by advertisement, the character of the remedy is not changed from foreclosure by advertisement to an action in equity.

Action in the district court for Hennepin county to determine the adverse interest of defendant in certain vacant and unoccupied land. The case was tried before Elliott, J., who found in favor of plaintiff. The opinion states the facts.   From a judgment entered pursuant to the findings, defendant appealed.   Affirmed.

*C. J. Rockwood,* for appellant.

Menage, by the covenants of his deed, was estopped to claim title through the mortgage which was made by him before his deed was made.   Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408; Rooney v.

[1] Reported in 106 N. W. 98.

Koenig, 80 Minn. 483–487. A release or assignment of a mortgage to a person whose duty it is to extinguish the mortgage for the benefit of another, will in law operate as a discharge. Bradford v. Burgess, 20 R. I. 290, 297; Mickles v. Townsend, 18 N. Y. 575; Kneeland v. Moore, 138 Mass. 198, 199, citing McCabe v. Swap, 14 Allen, 188; Wadsworth v. Williams, 100 Mass. 126; Carlton v. Jackson, 121 Mass. 592.

The old Menage mortgage, through which respondent claims, was once satisfied by its reassignment to the maker, and if revived at all was revived by the estoppel created by Huntington's deed to Conary. Its existence then was solely by virtue of that estoppel. If, through that estoppel, it had any vitality, a suit in equity was the sole means of foreclosure.

The owner of the fee which is encumbered by mortgage, is entitled to know without doubt or uncertainty, whether the one attempting to exercise the power of sale has the right. In cases of uncertainty, he is entitled to the protection of a decree of the court in a suit to which all those possibly having an interest shall be made parties, and by which they shall all be concluded. Ross v. Worthington, 11 Minn. 323 (438); Benson v. Markoe, 41 Minn. 112; Lowry v. Mayo, 41 Minn. 388; Backus v. Burke, 48 Minn. 260; Burke v. Backus, 51 Minn. 174; Dunning v. McDonald, 54 Minn. 1; Hathorn v. Butler, 73 Minn. 15; Thorp v. Merrill, 21 Minn. 336; Johnson v. Sandhoff, 30 Minn. 197; Van Meter v. Knight, 32 Minn. 205.

*Savage & Purdy,* for respondent.

"Estoppell against estoppell doth put the matter at large." Coke, Litt. § 667, page 352b; 16 Cyc. 719, 748; Bigelow, Est. (3d Ed.) pt. 2, p. 294; Kimball v. Schoff, 40 N. H. 190, 197; Branson v. Wirth, 17 Wall. 32, 42; James v. McGibney, 24 U. C. Q. B. 155, 159. No one can set up an estoppel by deed against the estoppel arising from his own grant. 11 Am. & Eng. Enc. (2d Ed.) 392 (2).

If a conveyance is made under conditions and in terms which contemplate the satisfaction of existing and valid encumbrances, either by the grantee personally or out of the estate conveyed, such a deed is effectual to limit or extinguish, to that extent, the operation of former covenants as obligations running with the land. Merritt v. Byers, 46

Minn. 74, 77, 79; Walther v. Briggs, 69 Minn. 98, 100; Rogers v. Hedemark, 70 Minn. 441, 443, 444; Rooney v. Koenig, 80 Minn. 483, 486; Brown v. Staples, 28 Me. 497, 503, 504; Tuite v. Stevens, 98 Mass. 305, 307; Field v. Snell, 4 Cush. 504, 507, 508; Styles v. Price, 64 How. Pr. 227; Hoy v. Bramhall, 19 N. J. Eq. 74, 78.

LEWIS, J.[2]

The action involves title to certain lots in the city of Minneapolis, the common source of title to which was in Louis F. Menage. November 28, 1884, Menage and wife executed a mortgage upon the property to the Northwestern Guaranty Loan Company, and on the same day Menage conveyed by warranty deed to Robert W. Jordan, and both the deed and mortgage were recorded November 29, 1884. The consideration in the deed was $225,000, and the grantors covenanted that they were lawfully seised of the premises in fee simple; had good right and power to grant and convey the same; that the same were free from all incumbrances, except mortgages aggregating $110,500, with interest thereon from September 10, 1884; that the said grantee, Jordan, his heirs and assigns, should quietly enjoy and possess the same; that the said grantors warranted and defended the title to the same against all lawful claims. Appellant, Huntington, through mesne conveyances acquired the title of Jordan, and in February 1888, conveyed the premises to one Conary by warranty deed which contained the following clause:

> Subject to mortgages on the above lots duly recorded in the office of the register of deeds for Hennepin county, Minnesota.

On the same day Conary executed back to Huntington a purchase-money mortgage, with full covenants of warranty, which mortgage was afterwards foreclosed by Huntington, and the title he asserts in this action was acquired by such foreclosure. After Menage and wife had executed the deed to Jordan in 1884, he took an assignment of the Northwestern Guaranty mortgage, and then two years later reassigned it to one Morrison, and the title which respondent asserted in this action is founded upon that foreclosure.

[2]ELLIOTT, J., took no part.

The question presented by this record is whether appellant, in execut-ing the deed of the premises to Conary, subject to mortgages on the same which were duly recorded, had the effect of recognizing the valid-ity of the Guaranty Loan mortgage, conceding it to have been not en-forceable by Menage or his assignee. That the condition inserted in the Jordan deed operated to estop the grantor, Menage, from enforcing the mortgage; that the exception in the covenant against incumbrances did not restrict or modify the covenant of warranty; and that neither Menage nor his assignees could assert it as against Jordan and his grantees—is conceded. Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379; Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399. What was the effect, then, upon this mortgage of the condition subsequently inserted in the Huntington deed?

The assignment of the mortgage to Menage, and from Menage back to Morrison, appeared upon the record when in February, 1888, Hun-tington executed the deed to Conary, and appellant asserts that inas-much as there was another prior mortgage, known as the "Simms mortgage," of record and which had not been satisfied, it conclusively appears that the parties to the deed intended to refer to it, and not to the Guaranty Loan mortgage, because that mortgage was in fact ex-tinguished. There is no other evidence than the instruments above noted throwing any light on the situation. Of course, if it were shown that appellant and his grantee, Conary, used the terms "subject to mortgages on the above lots duly recorded," with the understanding that the Menage mortgage had become dead by reason of the assign-ment to Menage, then the conclusion would follow that the grantor did not intend to recognize it as a subsisting lien; but there is no evi-dence upon the subject except the deed itself. The plain language used forces the conclusion that the parties selected it advisedly, having reference to all mortgages appearing of record, unless something ap-pears to show that such was not their intention.

As bearing upon that question, it may be observed that the mortgage was not in fact extinguished or canceled simply by the assignment to Menage. True, that to all intents and purposes it was extinguished, so far as the power to enforce it by Menage and his grantees was concerned. Menage was not permitted to purchase one of the outstand-

ing incumbrances which he had covenanted should not be an incumbrance, and then assert it against the property. But the mortgage debt was not paid or extinguished, and the fact that Menage reassigned the mortgage to Morrison was consistent with the belief that it was enforceable.

The exception in the Jordan deed may have been inserted under a misapprehension as to its real effect. All of the subsequent grantors and grantees in the chain of title, down to the Huntington deed, may have assumed that the mortgage was a valid lien, and there is nothing to indicate that Huntington himself did not so recognize it. No inference to the contrary is permissible from the fact that Conary executed to Huntington a purchase-money mortgage on the same date of his deed. Other lands were included in the deed, and the record is silent as to the consideration in the deed, and also as to the amount of the purchase-money mortgage. The trial court was justified in concluding that it was the intention of the parties to the Huntington deed to refer to and convey subject to the Menage mortgage. The result was to remove the former estoppel and set the matter at large. As expressed by Lord Coke: "Estoppell against estoppell doth put the matter at large." See also James v. McGibney, 24 U. C. Q. B. 155; Branson v. Wirth, 17 Wall. 32, 21 L. Ed. 566; Bigelow, Est. (3d Ed.) pt. 2, p. 294.

Foreclosure by advertisement was proper. The Menage mortgage was not transformed into an equitable mortgage when "the matter was at large." The instrument itself was not changed. For the time being the right to assert it was denied, but when that right was set at liberty by the second estoppel the statutory method of foreclosure was available.

Judgment affirmed.