## Oscar C. Hagen, Appellee, v. Edward J. Lehmann et al., Trustees, Appellants.

### Gen. No. 29,216.

1. COVENANTS—*what constitutes breach of covenant of warranty excepting unpaid special assessments.* The warranty clause of a deed which warranted against all incumbrances except "unpaid instalments of special assessments which fall due after this date" was violated by the nonpayment by the grantors of an assessment which, under the statute, Cahill's Ill. St. ch. 24, ¶ 193, was declared "to be due and payable" on January 2, the date of the deed being March 23, though payment of the assessment could not be enforced until a report of delinquency had been made to the county collector and such report was not required to be made until August 1.

2. COVENANTS—*construction of covenant of warranty in deed excepting unpaid special assessments.* The language of a deed with reference to the time of payment of special assessments excepted from the covenant of warranty should be construed in harmony

with the statute providing for the date such assessments should become due and payable regardless of what the understanding of the parties was, in an action by the grantee on the covenant, any mistake with respect thereto being remediable only in equity.

3. Covenants—*admissibility of parol evidence in action for breach of covenant of warranty excepting unpaid special assessments*. The effect of a warranty deed in the statutory form in which the conveyance was made subject to unpaid instalments of special assessments levied for improvements completed which fell due after the date of the deed, was to covenant against special assessments which fell due before that date and parol evidence of a previous or contemporaneous agreement by the grantee to pay instalments falling due before the date of the deed would negative such covenant and be inadmissible.

4. Pleading—*when affidavit of merits properly stricken in action for breach of covenant of warranty*. In an action on a covenant of warranty contained in a deed, where the defense set up in the affidavit of merits as to when a special assessment fell due was merely an erroneous conclusion of law and the defense in other respects could be supported only by inadmissible parol evidence, the affidavit was properly stricken.

Appeal by defendants from the Municipal Court of Chicago; the Hon. Harry Olson, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Affirmed. Opinion filed October 7, 1924. Rehearing denied October 24, 1924.

Butler, Lamb, Foster & Pope, for appellants; Beverly B. Vedder and Allan J. Carter, of counsel.

Rathje, Wesemann, Hinckley & Barnard, for appellee.

Mr. Justice Barnes delivered the opinion of the court.

The question upon this appeal is whether the court properly struck defendants' affidavit of merits as not presenting a legal defense to the statement of claim. Defendants having stood by their pleading, judgment was rendered for plaintiff in the sum of $3,651, the amount claimed.

The statement of claim is based upon covenants of

warranty in a deed from defendants to plaintiff against incumbrances, except as therein stated, the only pertinent exception being that the conveyance is made subject to "unpaid instalments of special assessments which fall due after this date, levied for improvements completed; * * *." The date of the deed is March 22, 1923.

The statement of claim alleges that at the time of the making and delivery of the deed three instalments of certain special assessments were due and liens upon the real estate conveyed, that the improvements for which they were levied had been completed, and that by reason of defendants' default to pay the same with interest plaintiff became obliged to pay the same in order to protect his title and possession.

The defenses set up in the stricken affidavit of merits are that prior to the execution of the deed the parties entered into a written contract of sale of the premises which, as set out, contains the same language as the deed respecting the things to which the conveyance was to be made subject, and that at the time of making it plaintiff knew that said third instalments had not been paid; that said unpaid special assessments "were payable up to and including July 31, 1923"; that it was understood and agreed by and between the parties that the quoted clause as to what the conveyance was subject, contained in both the contract and the deed, should include said unpaid special assessments; that they "did fall due after the date of the making of the deed," to wit, July 31, 1923; and that it was a part of the consideration of the deed and inducement to defendants in making the same that plaintiff agreed to pay said unpaid instalments after the date of the deed and before August 1, 1923.

Because in this city, where the premises are situate, the statute (Cahill's Ill. St. ch. 24, ¶ 193) prescribes that the officer authorized to collect special assessments shall report such as are delinquent to the

county collector on or before the first day of August after the January 2 when they are declared by statute "to be due and payable" (id., ¶ 167), it is argued by defendants that while the instalments "are owing" January 2 of the year they fall due, and may be paid between then and the following August 1, and "must be paid" before August 1 to prevent being returned as delinquent, therefore July 31, is the date of maturity when they became "due"; that the statute should be so interpreted and the parties so understood; and if the statute be not so interpreted then the word "due" being used in different senses, meaning sometimes merely "owing" whether the debt is matured or not, and sometimes "matured," the words "fall due" as used in the deed are ambiguous and evidence outside the deed is admissible to show the intention and understanding of the parties.

We do not think the words "fall due" as used in the clause of the deed in question are ambiguous or uncertain in meaning. They refer particularly to special assessments and presumably were used in the sense in which they are employed in the statute relating thereto. When special assessments are payable in instalments the statute (¶ 167, *supra*) declares that:

"The first installment shall be *due and payable* on the second day of January next after the date of the first voucher issued on account of work done, and the second installment one (1) year thereafter, and so on annually until all installments are paid. * * * Interest on assessments shall begin to run from the date of the first voucher issued on account of work done as aforesaid."

The statute then provides:

"On the second day of January next succeeding the date of the first voucher aforesaid so certified as aforesaid, the interest accrued up to that time on all unpaid instalments shall be *due and payable* and be collected with the installment, and thereafter the in-

terest on all unpaid installments, then payable, shall be payable annually, and be *due and payable* at the same time as the installments maturing in such year and be collected therewith.  *  *  *  Any person may at any time pay the whole assessment against any lot, piece or parcel of land, or any installment thereof, with interest as provided herein up to the date of payment.''

These provisions as to when instalments and the interest thereon become ''due and payable'' are seemingly so explicit as not to require interpretation. They are expressly declared to be ''due and payable'' on a specific date, namely, on January 2, of each year. They are not merely declared to be payable, but due. While payment cannot be enforced by a public sale until a report of delinquency is made to the county collector, and such report must be made ''on or before the first day of August in each year'' (¶ 193, *supra*), that date is intended as the extreme limit within which the duty to make such report must be performed and not as the date of the maturity of instalments.   Hence a delinquency in payment may exist any time after January 2, and may be reported at any time thereafter before the following August 1, but unless it continues to the time of application for judgment no sale will of course be ordered.

We think, therefore, that the instalments in question matured and ''fell due'' on January 2, 1923, and that being before the execution and delivery of the deed, which was in March, 1923, and the improvements for which they were levied having been completed, said instalments constituted incumbrances against which defendants by their warranty deed impliedly covenanted.   (Cahill's Ill. St., ch. 30, ¶ 9.)   The language of the deed relating thereto should be interpreted in harmony with the statute, whatever the understanding of the parties was.   If there was a mistake with respect thereto it cannot be availed of as a

defense in an action at law but only by a proceeding in equity. (*Lloyd v. Sandusky,* 203 Ill. 621, 623.)

But it is urged that an agreement by plaintiff before and at the time of executing the deed to pay such assessments as a part of the consideration may be shown by parol testimony, notwithstanding it varies or contradicts the written terms of the deed, and cases from the State of Indiana are cited in support of that contention, and reliance is placed upon some decisions in this State. But the general rule recognized, we think, by a majority of the courts is that in the absence of fraud, ambiguity or mistake, parol evidence cannot be introduced to contradict, vary or alter a written instrument which is complete on its face, if such evidence in any way affects the scope of an unqualified covenant in a conveyance of real property. Numerous cases so holding are collected in notes on the subject in L. R. A. 1916 E, p. 221. While it is also a general rule that oral evidence is admissible to show the true consideration of a deed, yet authorities in this State recognize the rule that such evidence is not admissible where it has the effect to restrict the scope of any covenant of the deed. It was said in *Redmond v. Cass,* 226 Ill. 120: "In actions for breaches of covenants and the like, where the evidence is not offered to vary the legal import of the deed or impair its effect as a conveyance, proof as to the actual consideration may be made." (p. 127.) It was also said in *Russell v. Robbins,* 247 Ill. 510, referring to the latter case and the authorities there cited: "It is true that a consideration duly acknowledged in a deed cannot be contradicted by parol for the purpose of destroying the legal effect of the deed as a conveyance."

A leading case on the subject is *Simanovich v. Wood,* 145 Mass. 180, where in a similar action on a covenant against all incumbrances evidence was offered for the purpose of showing an oral agreement

that the incumbrance created by an unpaid assessment was not within the covenant, and at the time the deed was given plaintiff as a part of the consideration promised to pay the same. The court said:

"While for some purposes it is competent to show what the real consideration of a deed is, a party cannot, under the guise of showing what the consideration is, prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant. This would violate the well-settled rule of law which will not permit a written contract to be varied or controlled by such parol testimony."

This case has been cited with approval in various States. (*Bruns v. Schreiber*, 43 Minn. 468; *Ohlert v. Alderson*, 86 Wis. 433; *Rooney v. Koenig*, 80 Minn. 483; and *Williams v. Kniskern*, 177 Mich. 500.) In the Michigan case the court notes that in applying the rule permitting parol testimony to show the real consideration of a deed, a distinction must be observed between a case where covenants therein are to be construed and one where consideration of the deed alone is involved. Such we think is the main distinction to be noted in the cases of *Lloyd v. Sandusky*, 203 Ill. 621; *Brosseau v. Lowy*, 209 Ill. 405; *Drury v. Holden*, 121 Ill. 130, and other Illinois cases cited by appellants, most of which are considered in the *Sandusky* case. While they adhere to the settled rule in this State that the true consideration of a deed may be shown by parol evidence, yet in none of these cases, as we view it, did the admission of such evidence operate to defeat or negative any covenant of the deed. The question under consideration in the *Sandusky* case, the principal one relied upon, was whether the pleas tendered a sufficient defense to an action for breach of seisin so far as the question related to consideration and damages, but the court recognized the law to be as stated in Rawle on Covenants for Title (4th Ed.), p. 258, where the author after

stating that oral evidence was admissible either to show that the actual consideration was greater or less than that expressed in the deed, added: ''It is clear that such evidence is admissible solely in mitigation of damages, and not for the purpose of negativing a breach of the covenant.'' (See *Sandusky* case, *supra*, p. 633.)

The deed being a warranty deed in the statutory form and so with an implied covenant against incumbrances, except as therein stated, and the conveyance being subject to unpaid instalments of special assessments levied for improvements completed which fell due after the date of the deed, the effect of the deed was to covenant against special assessments which fell due for completed improvements before its date. Hence, admission of evidence showing a previous or contemporaneous agreement with defendants to pay the latter would manifestly affect the terms of the deed and negative its covenant against such incumbrances.

We think the rule recognized as above stated in the *Redmond* and *Robbins* cases, *supra*, states the law as it obtains in this State on that subject and forbids the admissibility of such evidence, and that the previous decisions of the Supreme Court, cited by appellants, were not intended to conflict with that rule.

As the defense set up in the affidavit of merits as to when the special assessments fell due was merely an erroneous conclusion of law, and as the defense in other respects could be supported only by evidence which would tend to limit the scope of the terms of the deed and negative the covenant against incumbrances, it was properly stricken.

*Affirmed.*

FITCH, P. J., and GRIDLEY, J., concur.