## GORMAN v. SUNSET GARDENS CO.

No. 31417. March 6, 1945.

Rehearing Denied June 5, 1945.

Application for Leave to File Second Petition for Rehearing Denied July 3, 1945.

*156 P. 2d 626.*

. Kathryn Van Leuven, of Oklahoma City, for plaintiff in error.

Arden E. Ross, of Tulsa, for defendant in error.

PER CURIAM. On the 1st day of September, 1942, Sunset Gardens Company, a corporation, hereinafter called plaintiff, brought this action against Opal Harrison Williford et al., to quiet title to lot 18 in block 6 in Sunset Terrace addition to the city of Tulsa, Okla. James F. Gorman, hereinafter called intervener, filed a petition in intervention. Issues were formed on these pleadings and after a trial to the court judgment was entered for the plaintiff, and the intervener appeals.

The record discloses that Leo Helmstetter purchased the property involved at resale on May 2, 1939, and thereafter on the 12th day of May; 1939, conveyed the same by quitclaim deed to the plaintiff. It is also disclosed without dispute that in this quitclaim deed there was listed lot 6 in block 9 of Sunset Terrace addition, which had formerly been owned by the plaintiff and which had been sold at resale to the said Leo Helmstetter. Leo Helmstetter was the bookkeeper and an employee of the plaintiff. The intervener acquired his interest by a deed from Opal Harrison Williford dated July 13, 1941, and recorded September 12, 1942.

Intervener first argues that the inclusion of the property formerly owned by the plaintiff, to wit, lot 6, vitiated the conveyance of both lots and rendered it void under the foregoing facts. It is immaterial for the purposes of this opinion whether Opal Harrison Williford, the former owner and in whose name the property was listed for resale, is considered the record owner of the lots involved or whether we consider the rights of the intervener as grantee of the record owner. The positions of the record owner and the subsequent grantee insofar as this case is concerned with relation to the plaintiff are

identical. No fraud was perpetrated on the record owner or the subsequent grantee by the execution of the deed of May 12, 1939. In Grison Oil Corporation v. Lewis, 175 Okla. 597, 54 P. 2d 386, it is stated that one who is under a moral or legal obligation to pay the taxes is not in a position to become a purchaser for taxes, and, if such person permits the property to be sold and buys it either in person or indirectly through the agency of another, or lends his name to another in buying it in, he does not thereby acquire any right or title to the property but his purchase will be deemed a mode of paying the taxes. See, also, Brooks v. Garner, 20 Okla. 236, 94 P. 694; Burnett v. Cole, 193 Okla. 20, 140 P. 2d 1012. If we concede for the purpose of this decision that Helmstetter's purchase at resale of lot 6 in block 9 was ineffectual under the authorities above, and that his deed attempting to convey this lot to his principal, the former owner, is also ineffectual, still this does not affect the validity of Helmstetter's deed conveying lot 18, because he was not under disability as to it.

It is next argued that plaintiff was guilty of laches and fraud by not recording its deed until April 5, 1940; that the intervener was thereby deprived of redeeming the property from resale under the provisions of S.L. 1939, page 555, sec. 14; 68 O.S. 1941 § 432m. This contention is without merit. Said section provides that the property sold at resale can be redeemed within a certain period before and after the execution of the deed. The recordation thereof does not fix the time for redemption. There was no attempt to redeem by the intervener or the record owner.

Finally it is argued that the sale is void because the property was sold for taxes for 1931 to 1938, inclusive. No authorities are cited to support this proposition. It is untenable, for the statute above provides for resale for all of the delinquent taxes due; all of the taxes due, including 1938 taxes, were delinquent and the sale was properly made.

In the reply brief it is argued that the action was not brought within two years and that the same is barred under Lane v. Bass, 193 Okla. 682, 146 P. 2d 563. This is not an action by the holder of a resale tax deed and this proposition was not urged, so far as the record shows, in the trial court and was not presented in the brief in chief.

There are other allegations of error, but they are incident to and included in the three above propositions.

The judgment of the trial court is affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.