## BORN v. BENTLEY et al.

No. 34453.   July 15, 1952.

Rehearing Denied July 29, 1952.

*246 P. 2d 738.*

Melton, McElroy & Vaughn, Chickasha, for plaintiff in error.

Arnote, Arnote & Bratton, McAlester, for defendants in error.

PER CURIAM.  We shall refer to the parties as they appeared in the trial court.

Plaintiff, Bettie B. Born, filed this action in the district court of Grady county, Oklahoma, to quiet title to 70 acres of land in Grady county, together with an undivided three-fourths interest in the mineral rights, against the five children and heirs at law of one William Redpath.  The evidence to which the demurrer was sustained below discloses the following facts:

That the 70 acres involved was patented by the Choctaw and Chickasaw Nations to William Redpath in 1905; that the plaintiff, Bettie B. Born, and her husband went into possession of said premises at tenants in 1923; that plaintiff and her husband later made a deal to buy the farm from William Redpath for $2,450, it being understood that William Redpath was to except and reserve one-half the mineral rights.

In order, however, to obtain a loan on said premises, a fee-simple title was

conveyed by proper warranty deed by William Redpath and his wife, Sula L. Redpath, to plaintiff's husband, E. E. Born, on October 19, 1926. Thereafter, on November 16, 1926, E. E. Born and his wife, the plaintiff, executed a mortgage to this land to the Exchange Trust Company for $1,000, together with a commission mortgage for $140. On November 17, 1926, a third mortgage was made back to William Redpath for $750 and the commission mortgage of $140 released of record. Thereafter, on November 18, 1926, E. E. Born and his wife, the plaintiff, Bettie B. Born, executed and delivered to William Redpath a mineral deed in the usual form conveying an undivided one-half interest in the mineral rights in and under this 70 acres. The habendum and warranty clause in the mineral deed is quoted from the record as follows:

"To have and to hold the above described property, together with all and singular the rights and appurtenances thereunto and in anywise belonging, unto the said grantee, his heirs and assigns forever, free, clear and discharged of and from all former grants, taxes, mortgages and other liens and encumbrances of whatever nature and kind soever, except mortgages to Exchange Trust Company, and warrant the title to the same, and they do hereby bind their heirs, executors and administrators, to warrant and forever defend all and singular, the title to the same unto the said William Redpath, Sr., his heirs and assigns against every person whomsoever, lawfully claiming or to claim the same or any part thereof."

The Exchange Trust Company mortgage of $1,000 was later assigned to the University of Tulsa, which, on May 2, 1932, foreclosed the mortgage, the plaintiff and her husband and William Redpath being made parties to the foreclosure suit. William Redpath filed an answer and cross-petition setting up his third mortgage and asked for foreclosure of same against the defendants Bettie Born and E. E. Born, but made no mention of his one-half interest in the mineral rights in said premises.

The University of Tulsa bid in the property at sheriff's sale and a sheriff's deed was duly issued as provided by law. The proceedings appear to be regular in all respects. The plaintiff and her husband remained in possession of said premises as tenants of the University of Tulsa, and on March 15, 1936, plaintiff purchased in her own name the land and three-fourths of the mineral rights from the University of Tulsa. The University of Tulsa reserved and excepted one-fourth interest in the mineral rights.

Plaintiff thereafter, on June 17, 1947, filed her petition to quiet title to the land and an undivided three-fourths interest in the mineral rights therein, and made the five children, who were the sole and only heirs at law of William Redpath and his wife, Sula L. Redpath, both deceased, parties defendant. The defendants in their answer and cross-petition plead that under the doctrine of after-acquired title, the heirs at law of William Redpath were entitled to one-half of the mineral rights and that the plaintiff was estopped from setting up against the heirs of William Redpath, deceased, her subsequent deed from the University of Tulsa, since Bettie B. Born's power to contract made the covenants of warranty in her husband's deed to William Redpath to one-half the mineral rights binding on her, and that she was estopped to deny her warranty grantee's title to one-half the mineral rights. Plaintiff in her reply and answer to defendants' cross-petition alleged that the mineral deed referred to excepted from the warranty the mortgage under which the property was later foreclosed by the University of Tulsa, and that plaintiff accordingly was not estopped to assert her title as against said mineral deed, which plaintiff contended was extinguished in the foreclosure proceedings.

While this case was pending appeal, this court, on April 1, 1952, handed down four decisions which apply the doctrine of estoppel by deed to the

assertion of after-acquired title by grantor as against the grantee in a mineral deed containing unconditional covenants of warranty. We refer to Equitable Royalty Corporation et al. v. Hullet et al., 206 Okla. 233, 243 P. 2d 986; Hanlon et al. v. McLain et al., 206 Okla. 227, 242 P. 2d 732; Bliss et al. v. Wilcox Oil Co., 206 Okla. 232, 242 P. 2d 739; and Triangle Oil Corp. et al. v. Graves et al., 206 Okla. 409, 242 P. 2d 740.

The facts in Equitable Royalty Corporation et al. v. Hullet et al., above cited, would be on all fours with the facts in the instant case, except that the habendum and warranty clause there made no mention of the outstanding mortgage of record, while in the instant case the mortgage to the Exchange Trust Company is expressly excepted from the covenants in the mineral deed against encumbrances. It is contended by the plaintiff that the estoppel by deed and after-acquired title doctrine are not applicable because of this exception.

The attorneys for defendants have cited cases from Minnesota and North Dakota holding that where the only reference in a general warranty deed (as in this case) to an outstanding mortgage is to except it from the covenants against encumbrances, the exception does not extend to or affect the covenants of warranty, and any title thereafter acquired by grantor through the foreclosure of a mortgage will inure to the benefit of the grantee and his assigns. The cases cited are Smith v. Hogue, 19 N.D. 337, 123 N.W. 827; Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399; Tappan v. Huntington, 97 Minn. 31, 106 N.W. 98.

In view of the decisions of this court handed down April 1, 1952, and above cited, we believe that these Minnesota and North Dakota cases are controlling on this proposition. In Rooney v. Koenig, supra, the facts were very similar to the facts in the instant case. The second syllabus is as follows:

"Where the only reference in a warranty deed to a mortgage on the land is to except it from the covenant against encumbrances, the exception does not extend to or affect the covenant of warranty, and any title thereafter acquired by the grantor by the foreclosure of the mortgage will inure to the benefit of the grantee and his assigns. Manufacturing Co. v. Zellmer, 50 N.W. 379, 48 Minn. 408, followed."

The Supreme Court of Minnesota in that case made the following statement in the body of the opinion:

"If the exception to the covenant against encumbrances in Matthew Rooney's Deed to Frank J. Rooney and his brother be eliminated, it cannot be doubted that the undisputed facts justify the trial court's conclusion that the defendants, and not the plaintiff, are the owners of the land. The case would then fall within the rule that, where land is conveyed by a deed of general warranty, any superior outstanding title subsequently acquired by the grantor will inure to the benefit of the grantee and his assigns. But the plaintiff claims that the rule has no application to this case, because of the exception of the mortgage from the operation of the covenants in the deed against encumbrances. If land is conveyed by warranty deed subject to the mortgage, or the grantee in the deed assumes and agrees to pay the mortgage as a part of the purchase price, the case is not within the rule as to title by covenant, which we have stated, and the grantor in such a case may purchase and enforce the mortgage against the land, Merritt v. Byers, 46 Minn. 74, 48 N.W. 417; Walther v. Briggs, 69 Minn. 98, 71 N.W. 909. But where, as in this case, the only reference in the deed to the mortgage is to except it from the covenant against encumbrances, the exception does not extend to or modify the covenant of warranty, and any title thereafter acquired by the grantor by the foreclosure of the mortgage would inure to the benefit of the grantee. The case of Manufacturing Co. v. Zellmer, 48 Minn. 408, 50 N.W. 379, is directly in point and decides this precise question against the contention of the plaintiff."

24

The Smith v. Hogue and Tappan v. Huntington cases, supra, were to the same effect.

We therefore conclude that the exception to the mortgage in the mineral deed against encumbrances does not extend to or modify the covenants of warranty, and any title thereafter acquired by the grantor from the purchaser at the foreclosure sale inures to the benefit of the warranty grantee under the equitable doctrine of estoppel by deed.

In the decisions rendered April 1, 1952, above cited, this court was impressed not only with the proposition of estoppel by deed with covenants of unconditional warranty, but also with the inequity of permitting the grantor, the landowner, whose obligation it was to discharge his own mortgage, to profit by his own default thereon to the detriment of his grantee, the mineral owner, whose interest was subject to the mortgage, but who was not so obligated; citing for analogy, Burnett v. Cole, 193 Okla. 25, 140 P. 2d 1012, which holds that a landowner may not cut out a mineral owner by permitting the land to be sold for taxes and then acquiring the title from the tax sale purchaser, though a stranger. That sound and salutary doctrine has had the repeated sanction of this court. Brooks v. Garner, 20 Okla. 236, 94 P. 694; Grison Oil Corp. v. Lewis, 175 Okla. 597, 54 P. 2d 386; Parks v. Mandler, 179 Okla. 467, 66 P. 2d 43; Warner v. Day, 197 Okla. 319, 170 P. 2d 246; McDonald v. Duckworth, 197 Okla. 576, 173 P. 2d 436; O'Hornett v. Thornburgh, 197 Okla. 10, 168 P. 2d 114; Akin v. Loudder, 201 Okla. 47, 200 P. 2d 763; Curry v. Frerichs, 194 Okla. 230, 149 P. 2d 95; Gorman v. Sunset Gardens Co., 195 Okla. 631, 156 P. 2d 626; Hunter v. Pepis, 195 Okla. 660, 163 P. 2d 542; Edwards v. Gardner, 198 Okla. 217, 176 P. 2d 1014; Norris v. Wallace, 200 Okla. 566, 198 P. 2d 201. It is equally applicable here.

Unlike some other statutes on the subject, including the Kansas statute (Kan. G.S. 1935, 67-207), quoted in Schultz v. Cities Service Oil Co., 149 Kan. 148, 86 P. 2d 533, the Oklahoma statute carrying on to the grantee the benefit of his grantor's after-acquired title (16 O.S. 17), is not, in terms, conditional on the fact or circumstance that the grantor has not at the time of conveyance the title which he purports to convey. Our statute carries to the grantee all rights of the grantor in the premises described in the deed, "existing at the time or subsequently accruing."

It is also contended by plaintiff that Bettie B. Born was not bound by the covenants of warranty in the mineral deed because she signed only as the wife of her husband. This contention, however, cannot be upheld in view of Equitable Royalty Corp. v. Hullet, supra, wherein this court held that the wife's joinder in a warranty deed with her husband binds her to its covenants and obligations.

We conclude, therefore, that when Bettie B. Born reacquired title, which she had lost by the foreclosure proceedings, she came within the doctrine of estoppel by deed, notwithstanding the fact that the mortgage later foreclosed was excepted in the mineral deed in the covenant against encumbrances; and that she could not escape her solemn promise to warrant and forever defend the title she and her husband had conveyed to the defendants, who were the heirs of her warranty grantee.

The judgment of the trial court sustaining the demurrer to the plaintiff's evidence is affirmed.

This court acknowledges the services of Attorneys Hugh J. Adams, A.G.C. Bierer Jr., and Merle G. Smith, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. WELCH and O'NEAL, JJ., dissent.