## L. A. RAGSDALE ET AL. *v.* ALABAMA GREAT SOUTHERN RAILROAD CO.

1. TAX TITLE. *Invalid purchase. Party procuring land of another assessed to himself.*
   If one procures the land of another to be assessed to himself with his own land as one tract, and the whole (being the smallest legal subdivision) is sold for the entire taxes, he becoming the purchaser, no title is acquired as to the land of such other, and the latter may have cancellation of the tax deed.

2. CANCELLATION. *Repayment of taxes.*
   In such case the person complaining, as a condition of relief, must refund to the purchaser the taxes due on his land.

FROM the chancery court of Lauderdale county.

HON. SYLVANUS EVANS, Chancellor.

In the year 1878 the appellee, the Alabama Great Southern R. R. Co., owned ten acres of land in Lauderdale county, being part of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, sec. 17, and L. A. Ragsdale owned the remainder of the forty acres. On March 7, 1881, the entire tract, being then assessed to Ragsdale, was sold for the taxes due thereon for the year 1880, one Alford becoming the purchaser for the sum of eleven dollars. On the 8th day of March, 1882, the day after the period for redemption expired, Alford conveyed the land to the said Ragsdale, who has since died. Before his death he instituted an action of ejectment against the railroad company to recover possession of said ten acres, which action is still pending. On June 20, 1888, the bill in this case was filed by appellee against his representatives to cancel the tax title.

The bill alleges that Ragsdale, intending to become the owner of the land, had it assessed to himself in 1878, and, pursuing such intent, afterwards refused to pay the taxes and conspired with Alford to buy it for him and hold the title until after the expiration of the period of redemption; that the forty-acre tract was sold for the taxes due thereon and was purchased by Alford under this arrangement, who made the conveyance to Ragsdale as agreed. Defendants interposed a demurrer to the bill, which being overruled, an answer was filed.

The answer does not distinctly deny that Ragsdale had the land assessed to himself, but it denies that he did so with the purpose alleged in the bill.  Nor does the answer deny the allegations of the bill as to the arrangement made with Alford to buy the land and hold it during the redemption period; but defendants insist that if such arrangement was made it would not invalidate the tax title.  No testimony was taken except that of Alford, who testified on behalf of complainant that Ragsdale told him before the sale that he wanted to use his name in the purchase of certain land to perfect his title, and that it was understood that the land was to be so purchased and conveyed to Ragsdale after the time for redemption; that the land, including the ten acres in controversy, was accordingly bid in by him, and was after the twelve months conveyed to Ragsdale, who paid the purchase-money to the collector and all expenses.

An agreement of counsel showed that the forty-acre tract was assessed to Ragsdale from the year 1869 up to and including the year 1878.

The court entered a decree cancelling the tax deed as a cloud on the title of complainant, from which defendants appeal.

*R. P. Williams,* for appellants.

In the first place I insist that complainant failed to show title to the ten acres of land, and for that reason the decree should have been in favor of appellants.  *Hart* v. *Bloomfield,* 66 Miss. 100.

Ragsdale could have bought the land at the tax sale in his own name and the title would have been good.  Regardless of who the land was assessed to, it was incumbent on the railroad company to pay the taxes.  Code 1880, § 470.

Ragsdale was not in possession, and there was no obligation on him to pay the taxes, as in *Rule* v. *Broach,* 58 Miss. 553.

Having no interest in the land he could purchase it, no matter how it was assessed.  *McLaughlin* v. *Green,* 48 Miss. 209 ; *Harkreader* v. *Clayton,* 56 Ib. 383.

The proof wholly fails to show that he fraudulently had the land assessed to himself in order that he might become the purchaser.

The answer denies the allegations of the bill as to this, and there is no proof on the point. Therefore the decree should have been for defendants.

*Fewell & Brahan,* for appellee.

The land was assessed to Ragsdale. The presumption of law is that he caused it to be so assessed.

The answer virtually admits that he had it assessed to himself; it only denies the allegation as to the purpose with which this was done.

But all this is immaterial. The land was in fact assessed to Ragsdale, and he became debtor to the state and liable to pay the taxes. This being so he could not buy it. *Rule* v. *Broach,* 58 Miss. 553 ; *Blake* v. *Howe,* 15 Am. Dec. 684, note ; *Coxe* v. *Gibsbon,* 67 Ib. ; Blackwell on Tax Titles, 399 and notes.

The purchase through Alford does not give Ragsdale any better standing. *Greene* v. *Williams,* 58 Miss. 752 ; *McLaughlin* v. *Green,* 48 Ib. 175.

Cooper, J., delivered the opinion of the court.

We are not prepared to say that if the lands of the appellee had been assessed to Ragsdale without his procurement, he would have been precluded from purchasing the same at a sale for taxes. But the land of the company and that of Ragsdale, composing together the smallest legal sub-division, were assessed as one tract, and the whole was sold for the whole taxes due. The land of the company was therefore sold not only for the taxes due on it, but also for the taxes due on Ragsdale's land. If he had paid the taxes due on his own land and had then bought, either directly or indirectly, the lands of the company at a sale for its taxes, a different question would be presented. But since the sale under which he bought was for his debt as well as for that of the company, he cannot be permitted to retain the title thus acquired.

But the court below should have required the company to repay to his representative the taxes really due on account of its lands, and which were paid by him, as a condition upon which any relief would be granted. Because this was not done, the decree must be

reversed and cause remanded, with directions to the court below to cause an account to be stated of the sum equitably due by the complainant, which sum it will direct to be paid within some short time to be fixed.

<em>Decree reversed and cause remanded.</em>

Woods, C. J., takes no part in this decision, having been of counsel in the court below.