J. M. GRIFFITH and JOHN O. GRIFFITH v. A. B. SILVER *et al.*

(Decided December 5, 1899.)

*Listing Land for Taxes—Taking Sheriff's Deed.*

A person who lists the land of another in his own name for taxes, and allows it to be sold for the taxes, becomes the purchaser and takes the sheriff's deed, simply paid his own taxes, and acquires no title under the deed.

CIVIL ACTION to recover four separate tracts of land of 100 acres each, tried before *Allen J.,* at Fall Term, 1899, of YANCEY Superior Court.

It was admitted that the paper title of the plaintiffs covered the land in suit, and that defendants were in possession of part thereof. The defendants claimed the land under a tax title. They had listed the land, along with 300 acres of

their own, as 700 acres, allowed it to be sold for the taxes, bid the whole off for tax and cost $17.21, took first the tax certificate and afterwards the sheriff's deed.

His Honor directed the jury, that if they believed the evidence, to find the issues in favor of plaintiff, which they did. Judgment accordingly, and defendants appealed.

Appellant not represented in this Court.
*Messrs. E. J. Justice,* and *J. T. Perkins,* for appellee.

MONTGOMERY, J.   In one of the townships of Yancey County a tract of land of 700 acres was listed for taxation for the years 1892 and 1893, in the name of the "Silver heirs."   The defendants in this action are "the Silver heirs," and they are in the possession of the 700 acres of land, claiming under a sheriff's deed made to them under a sale of the land for taxes.   The lands were listed as one tract, and they embraced, according to the admissions of the answer, 400 acres which belonged to the plaintiff at the time of the sale. The case on appeal also shows that it was admitted that the land described in the complaint, and for the possession of which the plaintiff brought this action, was covered by the grants introduced by the plaintiff.

This is indeed a novel case, one entirely different from any we have had before us on the subject of titles under tax sales. The defendants listed the land of the plaintiff, together with their own, in a lump—in one tract—and by a description which gave the plaintiff no possible intimation that his land was embraced in the listing, allowed their own land, together with the plaintiff's, to be sold for their taxes, bought the whole at the tax sale, and now set up a title under the sheriff's deed.

We are of the poinion that by the defendants listing the

125——24

plaintiff's land as their own, they are bound by that act for the purposes of this suit, and when they bought at the sheriff's sale they simply paid their taxes, and the sheriff's deed conveyed no title.

Of course, as between the plaintiff and the defendants, the listing of the plaintiff's land by the defendants does not affect the plaintiff's title under the circumstances of this case, for the plaintiff could be in no manner bound by the act of the defendants in the listing of the land.

There was no error in the instruction of the Judge to the jury, and the judgment is

Affirmed.