## MARY A. O'FLINN *v.* JULIA D. McINNIS.

MUNICIPALITIES. *Tax titles. Day of sale. Amendment of charter. Code 1892, §§ 3022, 3039.*

The charter of a city not governed by the code chapter on municipalities (code 1892, ch. 93) could not, prior to the change made by the act of 1900 (laws, p. 79), be amended by the municipality under § 3039 of said code in respect to the day of sale for municipal taxes in a manner "not consistent with" the provisions of § 3022 of said code, making the day of sale for municipalities governed by said chapter the same as that for state and county taxes, under § 3813 of said code, and a municipal tax sale on a different day named in such amendment is void.

FROM the chancery court of Lauderdale county.

HON. STONE DEAVORS, Chancellor.

The appellant, Mrs. O'Flinn, filed her bill of complaint against the appellee, Mrs. McInnis, for the confirmation of the title claimed by her under a municipal tax sale of the city of Meridian, made on February 27, 1899. The

defendant answered, alleging that the tax sale was void because not made on the day on which sales for state and county taxes were required to be made (the first Monday in March), under the act of 1888, amending the city charter (laws, p. 286, and code 1880, § 521, and code 1892, §§ 3022, 3813); and that the sale of February 27, 1899, was under an amendment of the charter dated August 29, 1893, which was "not consistent with" § 3022, code 1892, and therefore not authorized by § 3039 of that code. The answer was made a cross-bill for the cancellation of complainant's tax deed; and to this cross-bill the complainant demurred on grounds challenging the merit of the objection made to the validity of the sale, and also because the cross-complainant did not tender or offer to tender with her cross-bill the amount of taxes paid, etc. This appeal is from a decree overruling the demurrer to the cross-bill. By the direction of the court the brief of counsel for the appellee, which presents at length the case under consideration, is printed in full.

*Ethridge & McBeath,* for appellant.

Section 3830, code 1892, gives a lien in favor of the purchaser for the amount of the purchase price at any tax sale, either state, county, or municipal, and twenty-five per cent. damages on said amount. This being the law, the demurrer should have been sustained, because the cross-complainant did not tender the amount of the taxes paid by complainant at the purchase of the property, and the taxes paid by complainant since the purchase up to the time of filing the bill. The cross-complainant asks for affirmative relief, and it is not necessary for us to cite authorities that "he who seeks equity must do equity." *Ragsdale* v. *Alabama, etc., R. R. Co.,* 67 Miss., 106; Black on Tax Titles, sec. 242; *Peckam* v. *Millikan,* 99 Ind., 352; 25 Am. & Eng. Enc. Law (1st ed.), 735.

The city complied with all the provisions of § 3039, code 1892. The cross-bill does not deny the proposed amendment

was published three weeks, then submitted to the governor, who in turn submitted it to the attorney-general for his opinion. The latter then certified that in his opinion the proposed amendment was consistent with the constitution and laws of the United States and of this state, including chapter 93, code 1892.

Who is to be judge as to whether or not the amendment is consistent with the laws of the United States and of this state and ch. 93, code 1892? The attorney-general or the learned chancellor? Our contention is, that the legislature vested this authority in the attorney-general, and that when he has certified that in his opinion the amendment is consistent, it is not for the courts to say that he was mistaken. That the legislature has a right to make an act depend for its operation on a future contingency is well settled in this state, and by adjudications elsewhere. *Schulher* v. *Bordeaux,* 64 Miss., 59.

*Neville & Wilbourn,* for appellee.

The court did not err in overruling the demurrer of appellant to the cross-bill of appellee. The sale of the lands of appellee, described in appellant's bill, was made on February 27, 1899, for the taxes due the city of Meridian for the year 1898. We take it that unless there was a valid law in force at the time said sale was had, authorizing the sale of lands for the nonpayment of taxes due the city of Meridian on the fourth Monday of February of each year, then it will be conceded that said sale of appellee's lands was null and void, and that appellant acquired no title to the same by virtue of the tax deed filed as an exhibit to her bill. See *McGehee* v. *Martin,* 53 Miss., 519; *Meed* v. *Day,* 54 Miss., 58; *Harkreader* v. *Clayton,* 56 Miss., 383; *Nelson* v. *Abernathy,* 74 Miss., 164.

The first thing, therefore, to be determined is whether or not there was existent on February 27, 1899, a valid law authorizing the sale of appellee's land on said day for taxes due the city of Meridian. We may observe at the outset that no pro-

vision of the code, no act of the legislature incorporating the
city of Meridian or amendatory of its charter, fixes the date
for sales of lands for the nonpayment of taxes due the said
municipality on the fourth Monday of February. The charter
of the city of Meridian, and all amendments thereto prior to
the code of 1892, are acts of the legislature, and as such the
court will take judicial knowledge of them, and also of the fact
that none of said acts of the legislature fix the fourth Monday
of February as the day for the sale of lands for taxes due the
city of Meridian. 17 Am. & Eng. Enc. Law (2d ed.), 936,
*et seq.* Laws 1888, page 286, is the latest act of the
legislature with reference to the date of delinquent tax sales by
the city of Meridian. Said act provided that said sales should
be made at the courthouse of Lauderdale county on the day
when lands delinquent for state or county taxes were required
by the code of 1880 to be sold, to-wit, the first Monday of
March of each year. See secs. 5, 6, and 7 of act of 1888, page
286.

Section 3813 of the code of 1892 re-enacted § 521 of the
code of 1880 as to date of tax sales of lands delinquent for
state and county taxes. The act of 1888, amendatory of the
charter of the city of Meridian, was of force on the adoption of
the code of 1892. The city of Meridian, under § 3035 of the
code of 1892, elected not to be governed by the provisions of
chapter 93 of said code with reference to municipalities. The
law of 1888 still remained in force, and tax sales of city of
Meridian were required as before to be had on first Monday
of March of each year.

As set out in cross-bill of appellee, and as appellant's de-
murrer admits, on August 29, 1893, under § 3039 of the code
of 1892, and in the way therein marked out, the charter of
the city of Meridian was amended so as to require the sale of
lands delinquent for taxes due the city of Meridian to be had
on the fourth Monday of February of each year. The sale of
appellee's lands on the fourth Monday of February, 1899, was

made pursuant to the aforesaid amendment. If said amendment be valid and binding, and appellee contends it is not, then appellant's demurrer should have been sustained. Otherwise the decree of the court below overruling appellant's demurrer to appellee's cross-bill was correct.

The decision of the court upon the question of the validity of said amendment being determinative of the case at bar under the view of appellee, we invite the attention of the court to the following considerations, which we respectfully submit will make the illegality of the said amendment apparent. Section 3039 of the code of 1892 provides for the amendment of the charters of only such municipalities as might elect not to be governed by chapter 93 of the code of 1892. The manner of amendment of the charters of such municipalities in said section indicated is not the only way in which they are to be amended. They may still apply directly to the legislature. Section 3039 of the code, as it stood in 1893, authorized amendments to the charters of such municipalities in the way therein indicated, when the proposed amendments were "consistent with the constitution and laws of the United States and of this state, including this chapter (93)."

Section 3022 of chapter 93 of the code of 1892 fixed the date of tax sales in all code municipalities on the first Monday of March. Nor did it leave the date of municipal tax sales subject to the selection of municipal authorities, as it did in reference to the place for holding such sales. When the amendment to the charter of Meridian of August, 1893, was sought to be made, the charter, and § 3022 of the code of 1892, ch. 93, were perfectly harmonious and consistent as to the matter of municipal tax sales. The amendment of August, A.D. 1893, fixed another day than the first Monday of March as the day for the sales of lands for the nonpayment of taxes due the city, and required the same to be had on the fourth Monday of February, and thereby destroyed the harmony and consistency of the provisions of the charter of Meridian, and chapter

93 of the code as to the time of tax sales, and introduced into the charter a provision wholly inconsistent with § 3022 of chapter 93 of the code of 1892. This, appellee contends, was unauthorized by § 3039 of the code. Under said section the only way in which the charter of the city of Meridian could have been so lawfully amended was by an act of the legislature.

The history of the adoption of chapter 93 of the code of 1892, with reference to municipalities, will throw some light upon the proper construction of § 3039 and the character of amendments allowable thereunder. The chapter on municipalities as first reported by the code commissioners did not contain said § 3039, and was made to apply to all municipalities from and after May, 1896. See code as reported by commissioners on file in the office of the secretary of state.

The friends of a uniform system of municipal government favored the adoption of chapter 93 of the code of 1892 as originally reported by the code commissioners. The existing chartered municipalities fought to retain their charter rights. Chapter 93 of the code is the compromise effected as a result of the contest between the advocates of uniform municipal government and the friends of the chartered municipalities. Section 3035 was adopted, giving chartered municipalities the right within a certain time to elect not to be governed by the code chapter on municipalities. Then § 3039 was for the first time made a law. Said §§ 3035 and 3039 are the only two sections of chapter 93 of the code that apply to chartered municipalities, the first merely providing that chartered municipalities might elect not to come under chapter 93 of the code; the second marking out a way in which such municipalities as availed themselves of the provisions of § 3035 might procure amendments to their charters when in harmony with chapter 93, without going directly to the legislature.

The effect of the compromise in the adoption of chapter 93 was to make the said chapter 93 of the code the charter of all code municipalities, and the type of uniform municipal gov-

ernment, in conformity to which, as near as might be done, it was intended the charters of municipalities not governed by its provisions should be kept.    Chartered municipalities were granted the concession asked for in § 3035, and their laws, if they exercised the right given them in said section, were to remain as they then were.  By § 3039 the legislature meant to provide against the amendment of the charters of such municipalities in the way in which said section indicated, in many particulars making said charters further vary from chapter 93, leaving such municipalities to apply directly to the legislature, whenever they desired further to depart from the type of municipal government contained in said chapter 93.   The day for holding municipal tax sales is a very material part of municipal government, and a matter of great public concern; and, the city of Meridian, if it wanted its tax sales to occur on any other day than the first Monday in March, should have applied directly to the legislature.

The word "consistent," as employed in said § 3039 of the code, in the light of the history of the adoption of chapter 93 of the code, can have no other meaning than that of harmonious, accordant with, congruous, compatible definitions given by Webster.   Nor can we give the word any other meaning and save the legislature from folly.   None of the provisions of the charter of Meridian apply to any other municipality.   Chapter 93 of the code, which is the charter of the code municipalities, has no application whatever to any chartered municipality that elected to exercise the privilege accorded in § 3035.   It is, therefore, impossible to conceive of any possible provision of the charter of Meridian that could or would be in conflict with any provision of chapter 93 of the code, nor of any requirement of said chapter of the code that could possibly be in conflict with the charter of Meridian, since the law of the one does not govern the other.   The legislature, therefore, did not use the word "consistent," in § 3039, in the sense of "in conflict

with," but in the sense of in harmony with, intending to preserve uniformity of municipal government as nearly as might be done. Again, the legislature of 1900 amended § 3039 of the code of 1892, so as to authorize the amendments to the charters of municipalities in the way in said section indicated, even though inconsistent with the provisions of chapter 93 of the code. See Laws of 1900, page 79, *arguendo,* the legislature of 1900, took the same view of § 3039, that we here sumbit, and conceiving that as the law stood, chartered municipalities would have to apply directly to the legislature in nearly every instance, when they desired their charters amended, and that at each session of the Legislature there would be many such applications, thought it wise to let all amendments be obtained in future under § 3039.

It can hardly be contended that the opinion of the attorney-general is final upon the proposition as to whether or not a proposed amendment is or is not consistent with the provisions of chapter 93. Otherwise, the purpose of the section, as we understand it, would have been defeated by its own provisions. Besides, there is no more reason to hold that his opinion, when given as required of him by § 3039, is final, than that his opinion on charters of private corporations is conclusive.

We submit that the sale of appellee's land on the fourth Monday in February, 1899, was without authority of law and null and void. The fact that appellee made no tender of the amount expended by appellant is not ground for demurrer. Appellant's remedy for such expenditure is ample otherwise, and where a party's lands have been illegally sold for taxes, and a tax deed stands against his property, and is clearly a cloud upon his title, the courts will not deny relief to such party, unless he tenders to the purchaser what he has expended. Counsel cannot cite the court to any authority holding the failure to make such tender ground for demurrer. Counsel confuse the declaration of the right of such purchaser to relief in certain opinions

of our courts.   They do not hold that the failure to make tender
is ground for demurrer.   See *Preston* v. *Banks,* 71 Miss., 601,
and *Greenley* v. *Hovey,* 115 Mich., 504.

WHITFIELD, C. J., delivered the opinion of the court.

The action of the chancellor in decreeing the tax sale void
was correct.   The amendment to the charter of Meridian, on
August 29, 1893, under § 3039 of code of 1892, was inconsis-
tent with § 3022, code of 1892.   The act of 1900 (laws 1900,
p. 79) provides that amendments of municipal charters, not
governed by the code, might thereafter be made, whether con-
sistent or inconsistent with chapter 93 of code.   But this sale
was prior to that act.   Section 3022 fixing one date, and the
amendment of August 29 another, the conflict is apparent, and
the code provision governs, and the sale was void.

We direct the brief of counsel for appellee on this subject to
be published in full by the reporters, for its great value on this
subject.

But the taxes, etc., paid should have been refunded by appel
lee.   The decree is affirmed in so far as it annuls the tax sale,
but is reversed and remanded that an account may be taken of
taxes, etc., paid by appellant, and a decree charging them on
the land unless paid.   See *Ragsdale* v. *Ala., etc., R. R. Co.,* 67
Miss., 106.

*So ordered.*