BURNETT et al. v. COLE et al.

No. 30819. June 29, 1943.

Rehearing Denied Sept. 14, 1943.

*140 P. 2d 1012.*

W. E. Foster and E. W. Smith, both of Henryetta, for plaintiffs in error.

Carland Smith, of Okmulgee, for defendants in error.

CORN, C. J. Prior to May, 1939, when the land here involved was sold to the county for taxes, G. W. Burnett, defendant, owned the surface and the Crowe heirs owned all the mineral interest in the land in question, except an oil and gas lease. Said oil and gas lease interest is not involved in this action.

Burnett neglected to pay the taxes thereon, and on November 13, 1939, the county, which had acquired the property at a tax resale, sold the land to one M. C. Lucas at a commissioners' sale. On January 30, 1940, Lucas conveyed the premises to Burnett and subsequent thereto Burnett conveyed the same to Vick Ellis reserving the minerals.

On the 20th day of January, 1941, John T. Cole obtained a quitclaim deed from certain of the Crowe heirs to an undivided 5/6 interest in the minerals, the other 1/6 interest remaining in John R. Crowe, Jr.

Cole filed this suit against Burnett to quiet title to the mineral interests. J. R. Crowe, Jr., owner of a sixth interest in the mineral rights, intervened, setting up his interest. The court entered judgment in favor of Cole and Crowe quieting their title to the mineral interest, and Burnett appeals.

Defendant contends that he owed plaintiff no duty to pay the taxes on the mineral estate. But the right to acquire a tax title against another does not always rest on the question of whether a duty is owed to such other person. Defendant at least had a duty to pay his own taxes, and the question is whether he may profit by neglecting his own duty. Defendant's estate and plaintiff's estate were assessed as one parcel in defendant's name. We need not now decide whether such estates might have been separately assessed. It is enough that in this case no severance for such purpose was had. When two parcels, even though separately taxable, are, through error or otherwise, assessed together in the name of one party, such party may not by omitting to pay the taxes thereon and bidding the whole tract in at a tax sale, cut off the title of the owner of the other parcel. Cooley on Taxation (4th Ed.) vol. 3, § 1437, p. 248; Lewis v. Ward, 99 Ill. 525; Cooley v. Waterman, 16 Mich. 366; Ragsdale v. Alabama G. S. R. Co., 67 Miss. 106, 6 So. 630; Griffith v. Silver, 125 N. C. 368, 34 S. E. 544; Towne v. Salentine, 92 Wis. 404, 66 N. W. 395.

Defendant contends, however, that he did not purchase the title at tax sale, but from a third party who had purchased from the county commissioners, and that since "he who has good title may convey good title," the rule above stated does not apply. Some of the early cases so hold. 15 Am. Dec. 689, note; 8 American & English Ann. Cas. 988, 989, note. However, the later cases hold that the person on whom the original duty to pay the taxes rested may not profit by his own neglect even by purchasing from a stranger who has purchased at the tax sale. In such cases the equities existing against the original obligor may be cut off while the land is owned by such stranger or other third parties, but when the land is conveyed to the original obligor, the former status is at once restored, or at least the original obligor is estopped to deny it. Cooley on Taxation (4th Ed.) vol. 3, § 1437, at page 2849 (note 69); 106 A. L. R. 887, note; Hadlock v. Benjamin Draining District, 85 Utah, 94, 53 P. 2d 1156, 106 A. L. R. 876; Veal v. Veal (1941) 192 Ga. 503, 15 S. E. 2d 725; Koch v. Kiron State Bank, 230 Iowa, 206, 297 N. W. 450; Griffin Lumber Co. v. Neill, 240 Ala. 573, 200 So. 415, 134 A. L. R. 286; Albergo v. Gigliotti, 96 Utah, 170, 85 P. 2d 107; Gates v. Lindley, 104 Cal. 451, 38 P. 311.

Sound public policy requires the enforcement of the rule, and we think the later cases approach the problem more realistically. The exception, allowing the

original obligor to take a complete title from third parties, incites collusion, and makes easy circumvention of the rule possible.

In Brooks et al. v. Garner, 20 Okla. 236, 94 P. 694, we held:

"One who is under a moral or legal obligation to pay the taxes is not in a position to become a purchaser at a sale for such taxes; and, if such person permits the property to be sold, and buys it in, either in person or indirectly, through the agency of another, he does not thereby acquire any right or title to the property, but his purchase is deemed a mode of paying taxes."

In the case of Grison Oil Corp. et al. v. Lewis, 175 Okla. 597, 54 P. 2d 386, the first paragraph of the syllabus is as follows:

"One who is under a moral or legal obligation to pay the taxes is not in a position to become a purchaser for taxes; and, if such person permits the property to be sold and buys it in, either in person or indirectly, through the agency of another, or lends his name to another in buying it in, he does not thereby acquire any right or title to the property, but his purchase will be deemed a mode of paying the taxes."

And, in the body of the opinion, it is stated:

"There are many cases which hold, and it seems well settled, that where one person is placed in such relation to another that he becomes interested for him or with him in any subject of property, he is prohibited from acquiring rights in such property antagonistic to such other person."

There are other assignments of error, but they are either without substantial merit, or not applicable to the facts in this case.

Judgment affirmed.

GIBSON, V. C. J., and OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. RILEY, BAYLESS, and DAVISON, JJ., dissent.