EDWARDS v. GARDNER et al.

No. 30996. April 4, 1944.

Rehearing Denied Feb. 11, 1947.

*176 P. 2d 1014.*

Leverett Edwards, of Oklahoma City, in pro se.

J. Hugh Nolen, of Okemah, and Charles C. Dunn, of Tulsa, for defendants in error.

CORN, C.J. This action to cancel a county commissioner's deed was brought by royalty owners who bought their interest in said land before D. Replogle bought the surface of said land, and 1/70 royalty interest, April 13, 1928. D. Replogle did not pay any taxes, and in 1940 the land was sold at resale and a resale tax deed issued to Leverett Edwards, defendant, who is D. Replogle's son-in-law.

A part of D. Replogle's testimony is as follows:

"Q. Will you state to the court what you and McMahan did there at that sale the afternoon of December 16th? A. The only conversation I recall having with McMahan about the sale was in the treasurer's office when the bidding came up. I said 'Jim, let's buy it together,' and he said 'all right.' Q. Then what was said and done after that? A. Jim was the successful bidder and after the bidding he said, 'What will you give me to take me out of the deal?' And after some conversation—I don't remember just what—after about 30 seconds of negotiation, I agreed to give him $100 and I gave him my check and wrote a check to the county treasurer and McMahan had the proper official insert your name (Leverett Edwards, the defendant) instead of his."

The evidence clearly shows that the name of Edwards was inserted in the deed at the request of D. Replogle, and that he paid the county treasurer the purchase price of $400 with his personal check.

The trial court held:

"That neither of the defendants D. Replogle nor Leverett Edwards acquired any right, or title to said interests of said plaintiffs and interveners by virtue of the pretended sale of the above-described land to Leverett Edwards on December 16, 1940, by the county treasurer of Okfuskee county, Okla., or the deed executed pursuant to said pretended sale by Roy Collins, chairman of the board of county commissioners of Okfuskee county, Okla., dated December 18, 1940, filed January 4, 1941, and recorded in the office of the county clerk of Okfuskee county, Okla., in Book 54 at page 483, but that said pretended sale and county commissioner's deed resulted only in the payment of the taxes on said real estate by the said D. Replogle, who was at said time under a moral and legal obligation to pay the same, and that said deed last above described be and the same is hereby canceled, set aside and held for naught.

"It is further ordered, adjudged and decreed that the defendant R. W. Sancomb has no right, title or interest in or to the above-described real estate or any part thereof and that the oil and gas lease to the defendant R. W. Sancomb, executed by the defendant Leverett Edwards, dated August 18, 1941, filed August 19th, 1941, and recorded in the office of the county clerk of Okfuskee county, Okla., in Book B-235 at page 208 be and the same is hereby cancelled, set aside and held for naught.

"It is further ordered, adjudged and decreed that the titles of the plaintiffs and interveners to their respective undivided interest in the oil, gas and other minerals in and under and that may be produced from the above described land as above set forth be and the same are hereby declared to be valid and perfect and said titles are quieted in said plaintiffs and interveners as against the defendants and each and all of them and that said defendants and each and all of them be and they are hereby perpetually barred and enjoined from setting up or asserting any right, title or interest in or to the said mineral interests of the plaintiffs and interveners adverse to them or any of them.

"It is further ordered, adjudged and decreed that the defendant D. Replogle was at the time of the issuance of all the aforesaid deeds and at the time of the respective sales upon which the said deeds were based and still is the owner of the entire surface of the above-described land and an undivided 1/70th interest in the oil, gas and other mineral in and under and that may be produced therefrom."

See Burnett et al. v. Cole et al. and other cases cited therein, 193 Okla. 25, 140 P. 2d 1012.

"One who is under a moral or legal obligation to pay the taxes is not in a position to become a purchaser for taxes, and if such person permits the property to be sold and buys it in, either in person or indirectly, through the agency of another, or lends his name to another in buying it in, he does not thereby acquire any right or title to the property, but his purchase will be deemed a mode of paying the taxes."

Judgment affirmed.

RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur. HURST, J., concurs in conclusion. GIBSON, V.C.J., and WELCH and ARNOLD, JJ., dissent.