**COLBY v. STEVENSON et al.**

No. 35267.

Supreme Court of Oklahoma.

June 23, 1953.

Rehearing Denied Dec. 22, 1953.

Application for Leave to File Second Petition for Rehearing Denied Jan. 5, 1954.

478

T. R. Benedum, Norman, Wayne W. Bayless, Oklahoma City, for plaintiff in error.

Hardin Ballard, Purcell, for defendants Ellen Stevenson, Crystal Love and Roy Glasco.

Vivian Diffendaffer, Embry, Johnson, Crowe, Tolbert & Boxley, V. P. Crowe and Ben L. Burdick, Oklahoma City, for intervenor Globe Oil & Refining Co.

PER CURIAM.

Essential facts to state and present this controversy are that plaintiff Colby sold and conveyed 120 acres of land to E. E. Glasco, reserving to himself an undivided one-third (40 acres) mineral interest (afterwards reduced by other conveyances to a one-sixth or 20 acre interest retained by Colby.) Thereafter the land, while owned by Glasco, was sold for delinquent ad valorem taxes at resale to one Bradshaw who conveyed to one Bonney. E. E. Glasco then filed suit against Bonney to cancel the tax deed alleging reasons why the tax sale and deed were invalid. That case, however, was never tried. It was settled by agreement between Glasco and Bonney by which agreement Bonney took judgment quieting his tax title and then conveyed the land back to Glasco with Bonney reserving to himself and others seven-twelfths of the mineral rights. This indicated a record re-vesting in E. E. Glasco of title to the 120 acres of land and five-twelfths (50 acre) mineral rights or mineral interest.

Upon these facts plaintiff Colby contends the resulting situation is the same as if Glasco had paid the delinquent taxes and prevented the tax resale; that the legal result of the agreement and transaction between Glasco and Bonney was a payment of the taxes by Glasco with mineral rights, in lieu of money, to Bonney who through his predecessor or grantor had discharged the tax claim by purchasing at the tax resale. And plaintiff Colby claims the right as against Glasco to quiet his title to his one-sixth (20 acre) mineral interest, (leaving Glasco the owner of the land and three-twelfths, or 30 acres, mineral interest.)

The rule applicable to this situation is settled in this state to the effect that when land is owned in fee by one person with an outstanding mineral interest in another, as in this case, and the land owner suffers the land to be sold at tax resale, and the land is acquired by a purchaser at or following ad valorem tax resale, and the land is then conveyed to him who owned the fee title at the time of tax resale, the outstanding mineral interest is not affected by the tax resale, but remains in the ownership of the person who owned it at and prior to the resale. That rule has been followed in many former decisions.

That rule was definitely established and applied in Burnett v. Cole, 193 Okl. 25, 140 P.2d 1012. That rule was specifically cited and followed and applied in Curry v. Frerichs, 194 Okl. 230, 149 P.2d 95; Warner v. Day, 197 Okl. 319, 170 P.2d 246, and in Edwards v. Gardner, 198 Okl. 217, 176 P.2d 1014.

In the Curry case, supra [194 Okl. 230, 149 P.2d 97], this court noted that the contrary rule was or might be applied in other jurisdictions. In the body of that opinion this court said:

"* * * There is some authority that where the land is sold at the tax sale to the sovereign, and after the period of redemption has expired, the former owner may acquire a good title free from the claims of those owning interests prior to the tax sale (26 R.C.L. 413, notes 15 and 16) but we declined to follow that rule in Burnett v. Cole, above. * * *"

In the case at bar it is suggested that Glasco owed no specific duty to Colby to pay these taxes because of the fact that the conveyance from Colby to Glasco was specifically made "subject to taxes against the land" and because of the time when the taxes for which the land was sold became delinquent. The facts on that point are: that the land was sold for taxes for several years; the taxes for all those years but one were already delinquent when Colby sold the 120 acres to Glasco and the taxes for the last of those years became delinquent after Colby sold and conveyed to Glasco. We consider these facts immaterial and that contention without merit on account of the definite application of this rule which this court has made in the above cited case. That same contention or a similar one was referred to in the body of the opinion in Warner v. Day, supra [197 Okl. 319, 170 P.2d 249]. In that case it was contended that Borum owed Day and Reynolds no duty to pay the taxes and therefore the rule should not apply. In that opinion this court said: "Superficially Borum's contention would appear to have support in some of the authorities", and the opinion then referred to some such authorities and then stated:

"* * * Many courts, however, do not limit application of the rule to cases where the owner's duty to pay taxes is also an obligation he owes another in privity with him, but also apply the doctrine where the duty is only that of a taxpayer to the state. This court is one of the latter. Thus in Burnett v. Cole, 193 Okl. 25, 140 P.2d 1012, 1013, it was said: 'Defendant contends that he owed plaintiff no duty to pay the taxes on the mineral estate. But the right to acquire a tax title against another does not always rest on the question of whether a duty is owed to such other person. Defendant at least had a duty to pay his own taxes, and the question is whether he may profit by neglecting his own duty.' "

The controlling rule here applicable which protects mineral rights from tax resale when the land owner re-acquires title, in legal philosophy and in resulting protection of mineral right holders, is somewhat akin to the rule applied in four cases decided by this court last year where mineral right holders were protected from loss by foreclosure of mortgage liens when the landowner re-acquired title. See Equitable Royalty Corp. v. Hullet, 206 Okl. 233, 243 P.2d 986; Hanlon v. McClain, 206 Okl. 227, 242 P.2d 732; Bliss v. Wilcox Oil Co., 206 Okl. 232, 242 P.2d 739, and Triangle Royalty Corp. v. Graves, 206 Okl. 409, 242 P.2d 740.

In Warner v. Day, supra, protection was afforded both to a mortgage holder and to a mineral rights holder when the land owner re-acquired his land title after tax resale.

The defendant contends the judgment rendered in favor of Bonney bars any present claim of Colby to this mineral interest. However, that was a judgment in favor of Bonney, not in favor of Glasco. That judgment merely upheld the tax title of Bonney. It would be a bar to any claim of Colby against Bonney, or rather against his tax title, but that judgment could not have any impact upon any future titles or interests vested or reinvested by specific acts of the parties by conveyancing subsequent to the tax title judgment. If the tax title of Bonney was valid, as it was adjudged to be, Colby could not have had any defense against Bonney's action. There was nothing in the record or the action then to indicate that Glasco was about to regain his land title. It was not until Glasco did regain his title that Colby could present his claim that his mineral rights were revested in him, or were unaffected by the tax sale and the re-acquiring of record title by Glasco. In that connection also there is some analogy between this case and the result in the four cases last above cited. However, the final answer to this contention on that judgment is that no judgment upholding a deed or quieting a title has any effect to prevent the parties from thereafter executing or taking conveyances which may change the title or rights fixed by the judgment. That is what occurred here. While the mineral rights of Colby, as between him and Bonney, had been extinguished by the tax sale, those rights as between Colby and Glasco were revested in Colby when Glasco acquired the tax title for himself. That is

the gist of the rule of the decisions first above cited. Language referring to this as a revesting or a restoring of title was used in Burnett v. Cole, supra.

Defendants contend that Glasco acted in good faith in making his settlement with Bonney above referred to. That is to say that Glasco had no evil motive when he in effect paid the land taxes with part of the mineral interest and obtained back his title to the land and part of the mineral interest. But that is not important. The applicable rule is not based on the intent which prompts the owner to get his land back after tax sale, but is based upon the fact that he does get his land back after he has suffered it to go to tax resale. In such case the rule protects the mineral interest owner as against the land owner and that is all there is to it.

■ Defendants contend that Colby should be barred by laches in that this suit was not commenced by Colby until over nine years after recording the tax deed, and four years and eight months after the Bonney judgment and about four years and seven months after Glasco re-acquired his title by the settlement arrangement with Bonney. We see no merit in that contention. Glasco was not misled or prejudiced by Colby's delay in presenting his claim. The only change was an increase in value of the land and in the mineral interest therein by reason of oil discovery. The mineral interest of Colby was a matter of record before the tax resale and from and after the moment Glasco re-acquired his record title.

■ Also in this case we have the claim of the intervenor Globe Oil and Refining Company. That company acquired its interest by conveyance from one Diffie who had acquired same by conveyance from E. E. Glasco long after Glasco had re-acquired his record title from Bonney in the manner heretofore set out. The interests of all parties, including the interest of Colby, were fully shown of record when Diffie and this intervenor came into the picture and it goes without saying they are bound by the record.

■ The intervenor seeks to rely on the Bonney judgment above referred to but that judgment offers no protection against the record made by and resulting from the conveyancing which occurred of record after the judgment and before Diffie or the intervenor acquired any interest. If the intervenor or its grantor Diffie had acquired an interest from Bonney in reliance upon his judgment before he conveyed to Glasco a different question would be presented. The opinion in Burnett v. Cole, supra, contains some reference to such a situation while the title is held by the tax sale purchaser, and before the former owner has re-acquired his title. Since the rights here relied upon by intervenor did not come into existence until after Glasco re-acquired his title of record those rights of intervenor must be limited by the record as it then existed, with protection of Colby's mineral rights as against Glasco under the fixed rule of law which affords Colby such protection.

Before intervenor purchased its interest this court had decided Burnett v. Cole, 193 Okl. 25, 140 P.2d 1012.

We assume the relationship between a land owner and the owner of an outstanding mineral interest is the same, whether the mineral interest is created by a conveyance from the land owner, or is created by a reservation in the deed which conveys the land to the land owner or in the case at bar.

■ For the reasons stated, and upon the authorities cited we hold that the plaintiff Colby is the owner of an undivided one-sixth interest in the mineral rights in and under the 120 acres of land involved, as disclosed by the conveyance records of the county. Therefore the judgment appealed from is reversed and the cause is remanded with directions to render judgment for plaintiff accordingly.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and O'NEAL, JJ., concur.