**L. E. PIERCE, Plaintiff in Error,**

v.

**J. R. McGINLEY, Defendant in Error.**

No. 35133.

Supreme Court of Oklahoma.

June 8, 1954.

Rehearing Denied Sept. 14, 1954.

Wise & Ivester, Sayre, Harry Chapman, Cheyenne, for plaintiff in error.

Robinson, Shipp, Robertson & Barnes, Ralph E. Boggess, Oklahoma City, Orval Grim, Sayre, for defendant in error.

WELCH, Justice.

The plaintiff brought suit against the defendant to quiet title to real estate. The defendant, in cross-petition, asserted ownership of a one-half interest in the minerals in and under the land, and sought to quiet his title to said mineral interest as against the plaintiff.

On trial it was shown that the land had been a subject of proceedings in resale of lands for taxes, and at said sale for taxes the land was bought in for the county.

At the time of resale the land was assessed for taxes in the name of Stella L. Taylor, and Stella L. Taylor was the record owner of the land. Theretofore the said Stella L. Taylor had transferred a one-half interest in the minerals in the land to another.

After resale a county commissioners' deed to the land was issued to Giles C. Peterson, and Giles C. Peterson executed a deed to the land, naming Virginia Lee Turley as the grantee. Thereafter Stella L. Taylor died. The property herein involved was listed as an asset of the estate of Stella L. Taylor, deceased, in the inventory and appraisement of her estate filed in the county court. Thereafter Virginia Lee Turley and others, describing themselves as the sole and only heirs of Stella L. Taylor, deceased, executed a deed to the land to the plaintiff. In final decree of the county court in distribution of the estate of Stella L. Taylor, deceased, the conveyance by said heirs to the plaintiff herein was approved and confirmed.

The defendant is a grantee in succession of the one-half interest in the minerals in the land from Stella L. Taylor, and granted by the said Stella L. Taylor before the said resale proceedings as aforesaid.

The record of the resale proceedings and the county court proceedings in settlement and distribution of the estate of Stella L. Taylor, deceased, were introduced in evidence.

At the close of all the evidence the trial court expressed a finding in reference to the resale proceedings and a conclusion therefrom to the effect that the resale proceeding was invalid. The court announced a finding in favor of defendant on that issue, and made no reference to another issue tendered in the pleading and proof by the defendant.

Judgment was for the defendant quieting his title to a one-half mineral interest in the land as against the plaintiff.

Argument for reversal of the judgment is directed to the evidence as showing that the land was legally sold at resale and that plaintiff as grantee in succession under the resale deed became owner of the land, free and discharged of all grants before resale and claims arising therefrom, such as that of the defendant.

 It is well settled that one obligated to pay taxes on land may not obtain title from a sale of the land for taxes so as to defeat the interest of his cotenant. Burnett

v. Cole, 193 Okl. 25, 140 P.2d 1012; Curry v. Frerichs, 194 Okl. 230, 149 P.2d 95; Warner v. Day, 197 Okl. 319, 170 P.2d 246; Edwards v. Gardner, 198 Okl. 217, 176 P.2d 1014, and Colby v. Stephenson, Okl., 265 P.2d 477.

In the Frerichs case, [194 Okl. 230, 149 P.2d 96] said the Court:

"One who is under a moral or legal obligation to pay taxes assessed against land cannot, by allowing the land to be sold as a consequence of his failure to pay such taxes, add to or strengthen his own title by purchasing the land at the tax sale, either in person or through the agency of another, or by purchasing the land from a stranger who has acquired title at or through the tax sale. Such purchase is deemed a mode of redeeming the land from the tax sale and paying the taxes, and any interest so acquired ordinarily inures to the benefit of cotenants or others as to interests or rights owned by them in the land prior to the tax sale."

In Colby v. Stephenson, supra, [265 P.2d 478] this court said:

"The rule applicable to this situation is settled in this state to the effect that when land is owned in fee by one person with an outstanding mineral interest in another, as in this case, and the land owner suffers the land to be sold at tax resale, and the land is acquired by a purchaser at or following ad valorem tax resale, and the land is then conveyed to him who owned the fee title at the time of tax resale, the outstanding mineral interest is not affected by the tax resale, but remains in the ownership of the person who owned it at and prior to the resale. That rule has been followed in many former decisions."

 Under the rule of the cited cases, and the facts in proof that plaintiff's interest in the land arises from conveyance by the heirs of Stella L. Taylor, deceased, and follows such ownership and rights in the property as were had and held by said Stella L. Taylor after resale, and that

the defendant is grantee in succession of a one-half interest in the minerals in the land transferred by Stella L. Taylor before resale, and that Stella L. Taylor was a record owner of the land at the time of resale and was obligated to pay the taxes on the land, we find the evidence sustains the defendant's claim of a one-half interest in the minerals as against the plaintiff, and irrespective of. the legality of proceeding in resale. Accordingly we find the evidence supports the judgment as entered by the trial court.

We do not decide the question of the legality or illegality of the resale proceeding. Whether the trial court gave a proper reason for its judgment or considered immaterial or unnecessary issues, the result being correct, the judgment will not be set aside. Chaney v. Reddin, 201 Okl. 264, 205 P.2d 310, 8 A.L.R.2d 337, and Van Hoozer v. Best, 204 Okl. 149, 227 P.2d 1019.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.