The STATE of Oklahoma ex rel. the COMMISSIONERS OF THE LAND OFFICE OF said STATE, Plaintiff in Error,

v.

George BINGAMAN, X. R. Gill, Edna Settle, H. B. Sears, La Dana Jean Smith Individually, and La Dana Jean Smith, Administratrix of the Estate of Dana O. Smith, deceased, Defendants in Error.

No. 36932.

Supreme Court of Oklahoma.

May 22, 1956.

Rehearing Denied July 17, 1956.

R. H. Dunn, N. A. Gibson, A. M. de Graffenried, Oklahoma City, for plaintiff in error.

George Bingaman, Purcell, Carland E. Smith, Morris G. Gray, Okmulgee, for defendants in error.

DAVISON, Justice.

This is a suit wherein the plaintiff, State of Oklahoma, ex rel. Commissioners of the Land Office, seek to quiet their title to the surface of, and a one half undivided mineral

interest in, a 235 acre tract of land in Mc-Clain County, Oklahoma, as against the defendants George Bingaman, X. R. Gill, Edna Settle, H. B. Sears, La Dana Jean Smith individually, and La Dana Jean Smith, administratrix of the estate of Dana O. Smith. The parties will be referred to as they appeared in the trial court.

The appeal is from an order sustaining demurrers of the several defendants to plaintiff's amended petition and dismissing the cause. The allegations in said petition are, therefore, of prime importance. After an allegation of ownership of the above described estate, it is alleged in said petition that the allottee, while the owner of the entire fee, on April 7, 1926 conveyed to the remote grantor of the defendants, Gill, Settle and Sears, an undivided one half interest in the oil, gas and other minerals underlying said premises; that, thereafter and on December 7, 1929, she mortgaged the remainder of her estate to plaintiff to secure the repayment of a loan made to her.

It was further alleged that said property was later sold at tax resale for delinquent taxes and was struck off to the county, there being no bidders, and resale tax deed was issued to the Chairman of the Board of County Commissioners in 1938; that, thereafter, said realty was duly conveyed by Commissioner's deed to one H. B. Pickard, who, on May 29, 1940 conveyed a one half undivided interest in the oil, gas and other minerals to D. O. Smith, and, on the following day, conveyed the remainder to the original owner and mortgagor by quit claim deed. The above named D. O. Smith conveyed to the defendant, George Bingaman, a 15/240ths interest in the oil, gas and other minerals. The administratrix of the estate of the said D. O. Smith, now deceased, is also a party defendant herein.

It was further alleged that, in July, 1940, the plaintiff herein filed a foreclosure suit against the mortgagor and her husband but, in December, 1941, accepted a warranty deed to the property from said mortgagors in full satisfaction of the mortgage indebtedness and cancellation of the note evidencing the same; that on January 14, 1942, written notice thereof was given to the county treasurer, as by law provided, and, thereupon, said treasurer removed the property from the tax rolls and cancelled all taxes, tax certificates and tax deeds subsequent to the execution of plaintiff's said mortgage.

It was further alleged that the said D. O. Smith and George Bingaman obtained a judgment and decree quieting their title as against the defendants herein, Gill and Sears, and as against the county treasurer and the Board of County Commissioners of McClain County and A. J. Peters and B. J. Dining but that, notwithstanding the same, the defendants, Gill, Sears and Settle were claiming title to a one half undivided interest in the minerals underlying said lands which was in addition to the respective claims of plaintiff and the other defendants to a like interest each. The prayer was for a decree quieting its title and enjoining the defendants from claiming adversely.

The only question for determination here is whether or not the allegations, viewed most favorably from the standpoint of the plaintiff, are sufficient to constitute a cause of action. In 1938, when the property was sold at tax resale, it was subject to be so sold but the lien of the school land mortgage was in no wise affected. However, "Thereunder the lien * * * would only extend to and cover the interest in the property covered by the mortgage." (The surface and one half the minerals.) State ex rel. Com'rs of Land Office v. Brinkman, 202 Okl. 225, 211 P.2d 801, 805; State ex rel. Com'rs of Land Office v. Reynolds, 201 Okl. 400, 206 P.2d 184; 12758 O.S.1931; 68 O.S. 1951 § 394. Subject to that lien only, the entire title was conveyed to Pickard by the Commissioners' deed after tax resale. But when Pickard reconveyed the surface and one half the minerals to the original owner or allottee the one half mineral interest, thereby conveyed, inured to the benefit of Gill, Settle and Sears.

Quoting from the earlier case of Curry v. Frerichs, 194 Okl. 230, 149 P.2d 95, it was said, in the case of Pierce v. McGinley, Okl., 274 P.2d 59, 60, that,

" 'One who is under a moral or legal obligation to pay taxes assessed against land cannot, by allowing the land to be sold as a consequence of his failure to pay such taxes, add to or strengthen his own title by purchasing the land at the tax sale, either in person or through the agency of another, or by purchasing the land from a stranger who has acquired title at or through the tax sale. Such purchase is deemed a mode of redeeming the land from the tax sale and paying the taxes, and any interest so acquired ordinarily inures to the benefit of cotenants or others as to interests or rights owned by them in the land prior to the tax sale.' "

■ Pickard had, theretofore, conveyed a one half undivided interest in the minerals to D. O. Smith. The original owner or mortgagor, by reason of the conveyance to her, became the owner of the surface only. It was that interest alone which was conveyed to the plaintiff, here, and was the title upon which this suit was founded. Plaintiff had no title to the minerals and defendants claimed no interest in the surface. Therefore, "where it clearly appears from the plaintiff's petition, together with the exhibits attached thereto and made a part thereof, the plaintiff has no interest in the * * * [minerals] involved, it is not error to sustain a general demurrer to the petition." Bascom v. Maxey, 195 Okl. 259, 157 P.2d 158.

■ The fact that, after plaintiff acquired its interest by conveyance from the mortgagor, the taxes and tax sales were cancelled gave plaintiff no greater or more extensive title than that obtained by the said deed. Thus, what effect the rule stated in State ex rel. Com'rs of Land Office v. Continental Oil Co., Okl., 273 P.2d 1002, had on the title of the defendants Smith and Bingaman and what respective interests were owned by those and the other defendants need not be here determined. The plaintiff did not state a cause of action against either. Nor do we need determine what the situation would be if plaintiffs'

mortgage had been foreclosed and its title had been founded upon a sheriff's deed rather than a voluntary conveyance from the mortgagor.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.

BLACKBIRD and HUNT, JJ., concur in result.