Alexander OLIPHANT, Jr., Plaintiff in Error,

v.

Barbara Jo DALTON, Walter A. Stroup, City of Holdenville, a municipal corporation and James B. Olivo, Defendants in Error.

No 37082.

Supreme Court of Oklahoma.

Nov. 27, 1956.

George W. Oliphant, Holdenville, for plaintiff in error.

J. C. Daugherty, Hugh M. Sandlin, Holdenville, for defendants in error.

HALLEY, Justice.

Parties will be referred to by their positions in the trial court or by name.

The plaintiffs claim one-half of the mineral rights in certain lots in Blocks 12, 13, 14, 17, 18, Lewis Addition to Holdenville and Fractional Block 59 East in the original townsite of Holdenville, Oklahoma. On the 19th day of October, 1917, a deed was filed for record in the office of the County Clerk of Hughes County, Oklahoma, from L. S. Fawcett and Zua C. Fawcett, husband and wife, to the plaintiff W. A. Stroup. This deed covered all of the land in controversy except Lots 28 and 29, Block 12 of Lewis Addition, which were not included. This deed also included Lots 1, 2, 3 and 4 of Block 59 to the Town of Holdenville. It stated that certain lots and fractional lots were conveyed which were owned by the grantor L. S. Fawcett by virtue of adverse possession by him and his grantor, A. C. Brace which lots were set out by lot number and block number.

On June 22, 1932, Bertha M. Stroup and Walter A. Stroup conveyed by quit claim deed all of the property they had acquired by virtue of the deed from Fawcett, together with two additional lots which are Lots 28 and 29 in Block 12, Lewis Addition to the City of Holdenville. The grantors in this deed retained one-half of the mineral rights in the land.

It does not appear of record but it seems to be agreed that at the time of the transfer to the City of Holdenville by the Stroups that the title to the property acquired from Fawcett was in Bertha Stroup. The plaintiff, Barbara Jo Dalton, was the daughter of Bertha Stroup and Walter Stroup.

One of the reasons for the conveyance to the City of this property was that the City of Holdenville was to use the property for park purposes and name the park for Bertha M. Stroup which the City did.

In 1939 there was a large sum due for ad valorem taxes on this property. On the 19th day of April, 1939, the City of Holdenville acquired a resale deed from the County Treasurer of Hughes County for all of

Blocks 11, 12, 13, 14, 17, 18 and 19, Lewis Addition.

We are unable to find in the record a copy of either lease from the City of Holdenville to Alexander Oliphant, Jr. or from Dalton and Stroup to the intervenor, Olivo, which were admittedly given. It seems to be agreed, however, that the City of Holdenville sold Oliphant a lease on a tract of land which included all the land that the Stroups conveyed to the City of Holdenville except the part of Block 59 East of the Original Town of Holdenville. The City claims only to have sold a lease on whatever interest it had in the tract and does not claim more than one-half of the mineral rights in the land conveyed to it by the Stroups subject to the lease.

The controversy here is really between the intervenors, Oliphant and Olivo. Of course, the plaintiffs and the City of Holdenville wish to have their titles quieted.

At the outset we do not see how Lots 28 and 29 in Block 12 could have ever belonged to the Stroups for the reason that these lots were not included in the deed from Fawcett to Stroup. The Stroups could not retain mineral rights in lots they did not own. They had not occupied it a sufficient length of time to have owned those two lots by adverse possession.

From the evidence it appears, however, that the plaintiffs own one-half of the mineral rights under all the land that was conveyed to them by the Fawcetts. The City of Holdenville appears to own the surface and one-half of the mineral rights under this land and all of the surface and all of the mineral rights under the balance of the land covered by this litigation.

The intervenor, Oliphant, urges three specifications of error and argues four propositions under the first specification.

■ Boiled down all of the intervenor Oliphant's assignments of error go to the question of whether the Stroups had title to the land in question when they conveyed it to the City of Holdenville. There was evidence that Fawcett had occupied the land that he conveyed to Stroup since 1903 at least and there was evidence that Stroup had occupied it almost fifteen years. There was evidence that both Stroup and Fawcett occupied that property covered by the Fawcett deed adversely for more than fifteen years. When their adverse occupancy was tacked together it amounted to almost thirty years.

There was some question as to the exactness of the boundaries but still there was evidence that the adverse possession covered all the property in the Fawcett deed.

■ The City of Holdenville has never claimed the one-half of the mineral rights in the land that was reserved by the Stroups. The City's first claim to this land came from the Stroup deed to it. Intervenor, Oliphant, got no more than the City had. Colby v. Stevenson, Okl., 265 P.2d 477.

■ It is the law of this jurisdiction that where privity exists between successive occupants under color of title, successive periods of occupation may be united to each other to make up period required to obtain title by adverse possession. City National Bank of Duncan v. Soderberg, 171 Okl. 369, 43 P.2d 495.

■ The City of Holdenville could not oust the Stroups from the half interest retained in their deed when they purchased the property at the resale. It was their duty to protect the interest of the Stroups and when the City cleared up the delinquent tax situation, the interest of the Stroups was freed of the tax liens. This has long been settled in this State. Burnett v. Cole, 193 Okl. 25, 140 P.2d 1012; Curry v. Frerichs, 194 Okl. 230, 149 P.2d 95; Warner v. Day, 197 Okl. 319, 170 P.2d 246; Edwards v. Gardner, 198 Okl. 217, 176 P. 2d 1014; Colby v. Stevenson, supra; State ex rel. Com'rs of Land Office v. Continental Oil Co., Okl., 273 P.2d 1002; Pierce v. McGinley, Okl., 274 P.2d 59.

■ The judgment of the trial court is affirmed except that Lots 28 and 29, Block 12, Lewis Addition are owned by the City

of Holdenville free and clear of the plaintiffs one-half of the mineral rights and intervenor, Oliphant's, lease covers the full mineral interest to these lots rather than a half and same shall be excluded from intervenor Olivo's lease.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.